O’NIELL, J.
The defendant was prosecuted in the city court of Shreveport for the offense of operating a blind tiger, was convicted and sentenced to pay a fine of $200 and' serve 30 days on the public worlss, and, in default of payment of the fine, to serve an additional term of 90 days on the public worts. Under the provisions of the Act No. 29 of 1900 (amending and re-enacting section 3 of Act No. 103 of 1898), she appealed to the First judicial district court, parish of Caddo, where the ease was tried de novo. The judge of that court affirmed the verdict or judgment of the city court, but increased the sentence, condemning the defendant to pay a fine of $250 and serve a term of 90 days in jail, and, in default of payment of the fine, to serve an additional term of 90 days in jail, and he remanded the case to the city court for execution of the sentence. The case is before us on a writ of certiorari and a rule on the district judge to show cause why the sentence of the district court, in so far as it exceeds that of the city court, should not be annulled and set aside.
The respondent judge, in answer to the rule, contends that the provisions of the Act No. 29 of 1900 (amending section 3 of Act No. 103 of 1898), that “in such cases the trial shall be de novo,” means that the case on appeal is re-opened for all purposes — for a new sentence as well as for a new trial — as if the prosecution had been brought originally in the district court. That is not our interpretation of the law. By the Act No. 29 of 1900, this provision was added to section 3 of Act No. 103 of 1898, defining the jurisdiction of the city court of Shreveport, viz.:
“Persons sentenced to a fine or imprisonment by said city court, shall be entitled to an appeal to the district court of the parish upon giving security for fine and costs of court, and in such eases trials shall be de novo and without juries.”
It must be borne in mind that the city court has jurisdiction, concurrent with that of the district court, to try any prosecution for a misdemeanor committed in the ward in which the city of Shreveport is situated. Although the Legislature has provided, in the Act No. 29 of 1900, that a person convicted in the city court may appeal to the district court and have the case tried there de novo, it has been decided by this court that, if the city court imposes a fine exceeding $300, or imprisonment for a term exceeding six months, the defendant is allowed, by article 85 of the Constitution, an appeal to the Supreme Court, on questions of law only. See State ex rel. Hart v. Judge, 113 La. 654, 37 South. 546, and, very much to the point, State v. Melies, 117 La. 656, 42 South. 199. Therefore, if the city court had imposed upon the defendant a fine exceeding $300 or imprisonment for a term exceeding six months, she would have been entitled to an appeal to the Supreme Court — not the district court. As the fine imposed did not exceed $300 and the term of imprisonment did not exceed six months, she was only entitled to an appeal to the district court. If that court could increase the sentence, the defendant might have been fined more than $300 and sent to jail for a term exceeding six months, and be deprived of her constitutional right to an appeal to the Supreme Court on the questions of law involved in her case. Because, as was decided in the case of State ex rel. Hart v. Judge, supra, one who has been convicted of a misdemeanor in the city court is not entitled to two appeals — one to the district court for a trial de novo and another to the Supreme Court on the questions of law involved —or to appeal first to the district court, and failing to obtain relief there, appeal from the judgment of that court to the Supreme Court.
*295 It would be quite an anomalous doctrine to maintain that the state, although not allowed to appeal from an unsatisfactory sentence or to obtain an amendment of the sentence by an answer to the defendant’s, appeal, can obtain an increase of the sentence without either appealing or answering the defendant’s appeal.
The provision of the law that, when one Who has been convicted in the city court appeals to the district court, the trial shall be de novo, does not mean that the sentence also shall be de novo. We cannot give it that meaning without implying that a defendant might be convicted and sentenced by the city court to pay a fine so small or serve a term of imprisonment so short as to give no right of appeal to the Supreme Court, and then, on appeal to the district court, have the sentence increased to a fine exceeding $300 or imprisonment for a term exceeding six months, and yet be deprived of the constitutional right to appeal to the Supreme Court on the questions of law involved.
The sentence imposed by the district court, in so far as it exceeds that imposed by the city court, is annulled, and it is ordered that the case be remanded to the city court for execution of sentence of that court.