**(95 South. 224)**

**No. 25654.**

**CITY OF LAKE CHARLES v. GROSS et al.**

**In re GROSS.**

(Dec. 29, 1922. Rehearing Denied Jan. 27, 1923.)

*(Syllabus by Editorial Staff.)*

Criminal law ⟐═⟩260(13)—Sentence cannot be increased on appeal to district court from city court.

Under Const. 1921, art. 7, § 36, authorizing appeal by persons convicted by mayors', recorders', or municipal courts, and providing that the trial shall be de novo, and Act No. 51 of 1902, § 2, similarly providing as to appeals from the city court of Lake Charles, and in the absence of any constitutional or statutory provision for appeal by the municipality, the district court has no power to increase the sentence imposed by such city court.

Certiorari from Fifteenth Judicial District Court, Parish of Calcasieu; Thos. F. Porter, Jr., Judge.

Dallas Gross and another were convicted of operating a gambling joint, and on appeal to the district court the sentence against the defendant named was increased, and he applies for writs of certiorari and prohibition. Sentence annulled and set aside, and case remanded.

J. Sheldon Toomer, of Lake Charles, for relator.

Alvin O. King of Lake Charles, for respondent.

By the WHOLE COURT.

OVERTON, J. Relator and one Joe Allen were charged in the city court of Lake Charles with having operated a gambling joint. They were tried in that court, and found guilty. Each was sentenced to pay a fine of $100 and in default of paying the fine to 30 days in the city jail. Both defendants appealed to the district court, where they were tried de novo, found guilty, and the sentence appealed from affirmed as to Allen, but increased as to Gross so as to condemn him not only to pay the fine imposed by the city court, but in addition thereto to be imprisoned for 30 days.

Gross, after exhausting his recourse in the district court, applied to this court for writs of certiorari and prohibition, contending that the district court was without power to increase the sentence. After a consideration of the application, this court ordered the preliminary writs to issue. The district judge has filed his return and answer. In his answer, he asserts with considerable force the right of a district court to increase on appeal the sentence imposed by a city court, taking the position that, as the trial on such appeals is de novo, the case must be tried as if it had never before been tried, and sentence must be imposed as if it had never before been pronounced in the case, by affirming the sentence, or by increasing or reducing it.

Section 36 of article 7 of the Constitution of 1921 reads, in so far as it is necessary to quote it, that:

"Persons sentenced to pay a fine or to imprisonment, by mayors, recorders or municipal courts shall be entitled to an appeal to the district court of the parish, upon giving security for fine and costs of court, and in such cases trials shall be de novo and without juries."

The city court of Lake Charles was created by Act 51 of 1902. Section 2 of that act provides for appeals from that court to the district court; the provision to that effect being virtually a copy of the above quotation.

There is no constitutional provision granting a municipality the right of appeal from the sentence pronounced against a person for the violation of one of its ordinances; nor is there any statutory provision to that effect, if one could be enacted under the Constitution. If the municipality is not satisfied with the sentence, it is without remedy. The right of appeal granted by the Constitution,

and by the act creating the city court of Lake Charles, is one expressly granted to the person convicted, and is only for his relief, if he should be entitled to any. The appeal granted him cannot be used against him. Had the constitutional convention, in adopting the Constitution, intended that the sentence of the lower court could be increased, it is very unlikely that it would have guardedly restricted the right of appeal to the person convicted and sentenced, but would have recognized the right of the municipality to complain, not by making the right dependent upon whether the person convicted and sentenced appealed, but would have granted the right of appeal itself to the municipality. The reason why the convention did not grant it to the latter, but carefully restricted it to the person convicted, is obviously, because it recognized no right in the municipality to complain. The only right that it recognized in the municipality was the right to maintain the conviction and sentence imposed.

It is true, as pointed out by our learned brother, who is respondent herein, one may be convicted in the district court of an offense, and upon appeal to this court the conviction and sentence may be annulled and set aside, and the case remanded to be tried anew, and upon a second conviction such person may be given a heavier sentence. This is so because, the first trial, including the sentence, having been decreed null and void at the instance of such person, and as no one may avail himself of a sentence that has been decreed, at his request, null and void, the trial court, in imposing sentence upon a second conviction, may impose a heavier one. Such also would be the case if a district court in trying an appeal from a city court should, for some reason, find it necessary to annul the conviction and sentence, and remand the case for another trial in the court of the first instance. Such, however, is not the case when the district court, on hearing the appeal, finds that the appellant is guilty, and that he was properly convicted. While the case on appeal is tried de novo, that is, anew, as if it had not been tried before, still, in imposing sentence, the district court cannot exceed that imposed by the lower court, for to do so would be to go beyond the scope of the appeal, and thereby accord to the city the right to have the sentence increased, which the Constitution does not contemplate.

The same question as the one here presented was before us in the case of State v. Langston, 142 La. 292, 76 South. 717. In that case Eva Langston was convicted in the city court of Shreveport of the offense of operating a blind tiger, in violation of the statutes of the state. After conviction and sentence in the city court she appealed to the district court, where the conviction was affirmed, but the sentence was increased. She then applied to this court, as the relator has in the case at bar, for writs of certiorari and prohibition. The respondent judge made the same contention that is here made, that is to say, the contention that, as the law requires the case to be tried de novo, it is open on appeal for all purposes—"for a new sentence as well as for a new trial—as if the prosecution had been brought originally in the district court." This court, however, held that the district court was without power to increase the sentence.

The only differences between the Langston Case and the present one are that, in the former, the prosecution was for the violation of a state law, whereas, in the present case, it is for the violation of a municipal ordinance, and in the former a sentence might have been imposed that would have vested this court with appellate jurisdiction, whereas in the present, no such sentence could have been imposed. However, those differences are not such as to render that case inapplicable as

precedent in the one now before us, for whether the appeal is from a conviction for the infraction of a state law or a municipal ordinance, the case is tried, on appeal in the district court, de novo, no difference being made either by the Constitution or by law in respect to the trial on appeal of either class. This court, in the Langston Case, after pointing out that, if the district judge could increase the sentence on appeal, he might, in such a case as the one then under consideration, so increase it as to make the appellant suffer a penalty, without the right of appeal to this court, which, had the sentence been imposed in the lower court, would have deprived the district court of appellate jurisdiction, and would have entitled the appellant to an appeal to this court, on questions of law, said:

"It would be quite an anomalous doctrine to maintain that the state, although not allowed to appeal from an unsatisfactory sentence or to obtain an amendment of the sentence by an answer to the defendant's appeal, can obtain an increase of the sentence without either appealing or answering the defendant's appeal."

The excerpt quoted above, is directly applicable to the case at bar, and is substantially what has already been said in this opinion.

We have considered the authorities cited by our brother of the district court, which are based on decisions rendered in other jurisdictions. Our view of the Constitution and laws of this state, for the reasons given, make those authorities inapplicable here.

For the reasons assigned, it is ordered, adjudged, and decreed that the sentence of the district court pronounced against relator be annulled and set aside in so far as it exceeds that pronounced by the city court, and it is ordered that the case be remanded to the latter court for the execution of the sentence in so far as it is not annulled.