(114 So. 76)

No. 28670.

## STATE v. HUNTER.

July 11, 1927.   Rehearing Denied Oct. 4, 1927.

*(Syllabus by Editorial Staff.)*

1. **Trespass** 77—**Statute, prohibiting going on premises without owner's permission and moving laborer or tenant, is reasonable police regulation (Act No. 38 of 1926).**

Act No. 38 of 1926, which provides that it shall be unlawful for any person to go on premises or plantation of any citizen of state in nighttime or between sunset and sunrise and move or assist in moving any laborer or tenant therefrom, without consent of owner, save in certain cases, is reasonable exercise of police power.

2. **Constitutional law** 42—**Defendant, charged with going on premises of citizen without permission and moving tenant's effects, could not complain, because act was not forbidden as to premises of citizens of other states (Act No. 38 of 1926; Const. U. S. art. 4, § 2).**

Where defendant was charged with going on premises of citizen of state in nighttime, without his consent, and moving or assisting in moving therefrom a tenant and his property or effects, contrary to Act No. 38 of 1926, he could not complain that statute was contrary to Const. U. S. art. 4, § 2, because it did not forbid a similar trespass on the premises of citizens of other states.

3. **Constitutional law** 258—**Statute which prohibits going on landlord's premises without permission and moving tenant's property does not violate due process clause (Act No. 38 of 1926; Const. U. S. Amend. 14).**

Act No. 38 of 1926, which makes it unlawful for any person to go on premises or plantation of citizen of state in nighttime or between sunset and sunrise, and move or assist in moving any laborer or tenant or effects or property of either therefrom, without consent of owner of premises or plantation, save in certain cases, does not deny due process of law guaranteed by Const. U. S. Amend. 14.

4. **Constitutional law** 250—**Statute which prohibits going on premises of citizen of state without permission and moving tenant's property does not deny equal protection (Act No. 38 of 1926; Const. U. S. Amend. 14).**

Act No. 38 of 1926, providing that it shall be unlawful for any person to go on premises or plantation of citizen of state in nighttime or between sunset and sunrise, and move or assist in moving any laborer or tenant or effects or property of either therefrom, without consent of owner or proprietor of premises or plantation, save in certain cases, does not deny equal protection of laws guaranteed by Const. U. S. Amend. 14.

Appeal from First Judicial District Court, Parish of Caddo ; E. P. Mills, Judge.

Henry Hunter was convicted of going on the premises of a citizen of the state in the nighttime, without his consent, and moving or assisting in moving therefrom a tenant and his property or effects contrary to Act No. 38 of 1926, and he appeals.   Affirmed.

Lewell C. Butler and Lester Wilson, both of Shreveport, for appellant.

Percy Saint, Atty. Gen., Aubrey M. Pyburn, Asst. Dist. Atty., of Shreveport (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

O'NIELL, C. J.   The appellant was convicted of the offense of going on the premises of a citizen of the state, in the nighttime, without his consent, and moving or assisting in moving therefrom a tenant and his property or effects, and was condemned to pay a fine of $310 or be imprisoned 90 days. The offense was a violation of the Act No. 38 of 1926, p. 52 ; which makes it unlawful to go on the premises or plantation of a citizen of this state, in the nighttime or between sunset and sunrise, without his consent, and to move or assist in moving therefrom any laborer or tenant. The act declares that it does not apply to what is done in the discharge of a civil or military order. The penalty for a violation of the act is a fine not less than $50 or more than $1,000, or imprisonment in the parish jail for a term not less than 10 days or more than 6 months, or both fine and imprisonment within those limits, at the discretion of the judge.

The defendant pleaded that the statute was

violative of the guaranty in the second section of article 4 of the Constitution of the United States that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states, and was violative also of the provision in the Fourteenth Amendment that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, and violative of the due process clause and the equal protection clause of the Fourteenth Amendment.

The demurrer or motion to quash the bill of information was submitted on a statement of facts, and was overruled, and a bill of exceptions was reserved to the ruling, after which the case was tried and submitted on the same statement of facts, viz.: The defendant was engaged in the transfer business, was licensed to carry on the business, and had a large investment in trucks. On the occasion referred to in the bill of information he went upon the plantation of one T. D. Connell, a citizen of Louisiana, in the nighttime and without Connell's consent, and moved from the plantation to the state of Arkansas a tenant of Connell and the tenant's property or effects. The defendant was employed by Connell's tenant to do the hauling, and was not discharging any civil or military order. Some of the plantations in that vicinity were owned by citizens of Louisiana and some by persons not citizens of Louisiana. For several months previous to the occasion complained of the defendant was engaged in hauling persons and their property and effects, in the ordinary course of his business, and regardless of whether any of the persons moved were laborers or tenants on premises owned by a citizen of Louisiana or by a citizen of another state.

[1-4] The statute is not an unreasonable exercise of the police power of the state. It merely forbids a person having no right on the premises of another to go there in the nighttime without the proprietor's consent—and therefore as a trespasser—and to move or assist in moving from the premises a laborer or tenant or his property or effects. The purpose of the statute, manifestly, is to preserve the right of every landlord or employer of farm labor to be informed of the removal from his premises of any personal property or effects. Without a statute on the subject it would be unconventional in the rural districts, to say the least, for an outsider to take the liberty of going upon the premises of another in the nighttime to cart away personal property or effects, without the landowner's consent. The statute does not discriminate with regard to those who may or may not commit the act. It forbids all alike. The discrimination is in what is forbidden. It is not forbidden—by this particular statute—to trespass upon the land of one who is not a citizen of the state, by going upon his premises in the nighttime without his consent. Perhaps the Legislature used the word "citizen" not in its technical or political sense but as meaning a *resident* of the state, and perhaps the Legislature thought the law would be too harsh if it forbade those engaged in the transfer business to go upon premises belonging to a nonresident—even in the nighttime—without first obtaining his consent. The discrimination, therefore, is not arbitrary or beyond all possible reason. The defendant has no cause to complain that the Legislature did not go further, in enacting the law, and forbid a similar act of trespass upon the premises of a citizen of another state. If he had the right to complain of such discrimination, we would hold that the statute does not deprive the citizens of other states, owning land in this state, of any privilege or immunity guaranteed to the landowners who are citizens of this state. The privileges and immunities referred to in the second section of article 4 of the Constitution of the United States are only those fundamental rights

which all individuals enjoy alike, except in so far as they are all restrained alike. White v. Walker, 136 La. 464, 67 So. 332; Central Loan & Trust Co. v. Campbell Commission Co., 173 U. S. 84, 19 S. Ct. 346, 43 L. Ed. 623. If the trespass committed by the defendant in this case had been committed on land belonging to a citizen of another state, there would have been no violation of the Act No. 38 of 1926; and in that event the citizen of the other state would have had no means of compelling the Legislature of this state to make the law applicable to his case, or right to demand that the courts should declare the law null because not applicable to his case. All of which merely demonstrates that the statute in question is not violative of the second section of article 4 of the Constitution of the United States or of the due process clause or equal protection clause of the Fourteenth Amendment.

The judgment appealed from is affirmed.