(115 So. 469)

(No. 28986.)

## CITY OF SHREVEPORT v. NELSON.

Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. **Explosives ⬤⇒2—Ordinance prohibiting distribution of gasoline except through metal-lined hose held valid as adding to public safety.**

   City ordinance providing that gasoline distributed within corporate limits must be distributed through metal-lined hose if vehicle carrying the gasoline carried in excess of five gallons *held* valid as adding to public safety of city.

2. **Explosives ⬤⇒2—That indirect effect of ordinance prescribing methods of gasoline distribution was to suppress storage tank use did not invalidate ordinance.**

   Where defendant was charged with having delivered gasoline upon streets of city in violation of ordinance prescribing type of hose to be used and method of delivery, and defended on ground that, although the ordinance did not prohibit use of above-ground containers for storage of large quantities of gasoline, it was invalid since the indirect effect would be to prohibit such containers, *held* that such fact did not constitute a defense, since the city could directly prohibit above-ground containers, so could do indirectly what it could do directly.

3. **Explosives ⬤⇒2—That ordinance did not forbid other methods of delivering gasoline claimed as dangerous did not make prohibition of type of delivery invalid.**

   City ordinance prohibiting delivery of gasoline by truck or vehicles, carrying in excess of five gallons, except through certain type of hose and by a certain method, was not rendered invalid by the fact that it did not prohibit other methods allegedly dangerous for the delivery of gasoline, since the ordinance applied equally and impartially to all persons, hence was not unreasonable, unfair, and arbitrary.

Appeal from City Court of Shreveport, Parish of Caddo; George Thurber, Special Judge.

T. F. Nelson was charged with the violation of a city ordinance of Shreveport relative to the distribution of gasoline, and from an order sustaining his motion to quash the charge, the city appeals. Reversed, motion to quash denied, and case remanded for further proceedings.

Claude B. Prothro, Asst. City Atty., and Barksdale, Bullock, Warren, Clark & Van Hook, all of Shreveport, for appellant.

J. F. Phillips and Harry V. Booth, both of Shreveport, for appellee.

ST. PAUL, J. The defendant was charged with having delivered gasoline to an automobile upon the streets of Shreveport from a tank wagon carrying more than five gallons of gasoline, contrary to an ordinance of said city reading as follows:

"That it shall be unlawful to distribute or deliver gasoline, benzine, naphtha, or like inflammable or explosive substances, in the corporate limits of the city, from any tank wagon, truck or vehicle, carrying in excess of five gallons (whether in one or more containers), except through metal-lined hose extending from the container on such vehicle into the filler pipe of an underground tank installed and maintained under permit from the city."

### I.

The defendant moved to quash the charge on the ground that the ordinance is "unreasonable, unfair, and arbitrary," and for reason thereof sets forth in substance: (1) That the ordinance does *not* forbid several other methods of delivering gasoline which he claims to be more dangerous than that which is actually forbidden. (2) That it effectually puts a stop to the use within the city of large *overground* containers for the storage of gasoline, such as roller tanks, etc., and hence interferes with his business of supplying gasoline into such containers. But we observe, incidentally, that defendant's pleas do not even so much as attempt to defend promiscuous deliveries of gasoline from tank wagons directly into automobiles on the public streets of a populous city, which is the specific act charged against him herein. And (3) that said ordinance does not add to the public safety of said city or tend to decrease the fire hazard therein.

The motion to quash was sustained by the lower court, and the city appeals.

## II.

It is apparent that this ordinance has no application whatever to the delivery of gasoline in unbroken packages, i. e., to deliveries of unopened containers with their full contents. The provision as to "metal-lined hose, extending, etc.," makes that clear, for there is nothing in the ordinance which even suggests that gasoline may not be delivered in unopened containers, and it is impossible to conceive how such deliveries could be made through "hose" of any kind. Hence this ordinance applies exclusively to the delivery of *flowing* gasoline, i. e., to gasoline which is removed from a tank wagon by means of a hose or faucet; and it is precisely herein that the whole danger of handling gasoline consists. For the highly inflammatory character of gasoline itself, and of the vapors arising therefrom when unconfined, render it peculiarly susceptible to ignite from any neighboring fire; and, once ignited, the fire spreads with alarming rapidity.

[1] Now it is manifest that a fire in close proximity to even a small quantity of gasoline is dangerous enough; but small dangers must be incurred if we would enjoy the benefits of modern progress. Globe & Rutgers Fire Ins. Co. v. Standard Oil Co., 158 La. 763 (IV), 104 So. 707. But a fire in close proximity to a large volume of gasoline has in it all the elements of an appalling catastrophe. In other words, flowing gasoline catches fire easily, which is generally communicated at once to the container from which the gasoline is flowing; and the capacity of that container marks the difference between a small fire and a great disaster. The purpose of the ordinance in forbidding the delivery of flowing gasoline from a tank containing more than five gallons is simply to guard against the alarming consequences of fire communicating to a large volume of gasoline on the streets of the city; and in our opinion the ordinance *does* add to the public safety and *does* tend to greatly diminish the fire hazard in said city, to say nothing of the obvious danger of violent explosions.

## III.

[2] It is not open to question that the city might forbid the storage of large quantities of gasoline otherwise than in underground tanks. And if it may do so directly, it may also do so indirectly. Hence it is no objection to the validity of an ordinance intended to accomplish something even more highly important, that the indirect consequence thereof is effectually to suppress the use of aboveground containers for the storage of large quantities of gasoline.

## IV.

[3] The fact that the ordinance does *not* forbid several other (more or less far-fetched and improbable) methods of delivering gasoline claimed to be (and even being) more dangerous than that which is actually forbidden, does not render it objectionable as unreasonable or unfair or arbitrary. The ordinance, as it is, applies equally to all other persons as well as to this defendant, and all those other methods of delivery are equally as open to this defendant as they are to all other persons. So that the ordinance applies equally and impartially to all persons alike. The fact that a law or an ordinance forbids some things and does not forbid others which it might or could or should have forbidden does not render it objectionable as denying any person due process of law or the equal protection of the laws. State v. Hunter, 164 La. 405, 114 So. 76. Such a plea amounts to no more than this, that in the opinion of the pleader the law or ordinance *does not go far enough,* a plea in which he has manifestly no interest. Thus there is no reason under the sun why a law against gambling with dice

should be declared unreasonable or unfair or arbitrary or unconstitutional because the Legislature had not made it an offense to gamble with cards; and certainly one who has been caught gambling with dice is in no position to complain that the law is defective because it would not have condemned him had he gambled with cards instead. The fact of the matter is that the lawmaker is not obliged to make an offense of every infraction of the moral law or of the rules of prudence and common sense and good conduct; on the contrary, it is his sovereign privilege to declare *what* shall constitute an offense and to ignore whatever he sees fit.

### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that defendant's motion to quash be denied and the case remanded to the court below for further proceedings not in conflict herewith.

O'NIELL, C. J., concurs in the result, but not in the court's interpretation of the ordinance.

O'NIELL, C. J. I subscribe to the decree rendered in this case, but do not concur in the statement in the majority opinion that it is apparent that this ordinance has no application whatever to the delivery of gasoline or other inflammable or explosive substances in unbroken packages—or closed containers. If the ordinance means what it says, it makes it unlawful to *distribute or deliver* gasoline, benzine, naphtha, or like inflammable or explosive substances, in the corporate limits of the city of Shreveport, from any *tank wagon, truck or vehicle*, carrying in excess of five gallons *(whether in one or more containers),* except through metal-lined hose extending from the container on such vehicle into the filler pipe of an underground tank installed and maintained under permit from the city. It is true that gasoline or kerosene, when delivered in closed cans from a wagon or truck, is never delivered through a hose; but the ordinance does not say merely that it shall be unlawful to deliver such inflammables through any kind of hose except a metal-lined hose, or into any other kind of tank than an underground tank installed and maintained under permit from the city. It seems to me that the very purpose of the language, which makes it unlawful "to distribute or deliver," not only from a tank wagon, but also from a "truck or wagon, carrying in excess of five gallons (whether in one or more containers)," was to forbid any and every method of distributing or delivering inflammables by means of a vehicle carrying more than five gallons at one time, except by delivering through a metal-lined hose extending from the container on the vehicle into a filler pipe of an underground tank installed and maintained under permit from the city.

The city attorney does not disclaim that the ordinance makes it unlawful to distribute or deliver inflammable or explosive substances in closed containers, by means of a wagon or a truck carrying more than five gallons, whether in one container or in several containers.

The court is called upon to decide whether this ordinance, as it is, is a valid exercise of the police power. We are not asked to amend the ordinance or to repeal any of its provisions. There is no occasion for the statement in the majority opinion that the ordinance does not forbid the distribution or delivery of inflammables in closed containers from a truck or wagon carrying more than five gallons. If the ordinance is not valid as it is, and if the question of validity or invalidity of the ordinance in that respect is an issue in the case, we ought to decide it. My opinion is that the ordinance, as it is, is a valid exercise of the police power. It is not at all arbitrary or unreasonable or violative of either the due process or the equal protection

clause of the Constitution, in so far as the ordinance forbids the distribution or delivery of inflammables in closed containers, from a truck or wagon carrying a greater quantity than five gallons.