[51 So. 631]

## STATE v. MANSFIELD.

### No. 32478.

Nov. 27, 1933.

Austin W. Lewis, of Lake Charles, for appellant.

Gaston L. Porterie, Atty. Gen., James O'-Connor, Asst. Atty. Gen., and John J. Robira, Dist. Atty., and Sam H. Jones, Asst. Dist. Atty., both of Lake Charles (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

LAND, Justice.

Defendant was tried by a jury of five, and was acquitted on the first count of the indictment of an assault by willfully shooting at one Joe Rankin, and was convicted on the second count of shooting one Preston Levi, with intent to murder.

Original and supplemental motions for new trial were made and overruled.

A bill of information was then filed by the district attorney charging defendant with having been convicted heretofore of a charge of larceny from the person, a felony, and having been sentenced to a term of one year in the state penitentiary. To this charge defendant pleaded not guilty, and on trial of the charge was convicted.

Having been found by the jury guilty of shooting with intent to murder, defendant was sentenced, as a second felony offender, to not less than 20, nor more than 30, years at hard labor in the state penitentiary.

Defendant has appealed, and relies for reversal of the conviction and sentence in this case upon a single bill of exceptions reserved to the overruling by the trial judge of defendant's motions for new trial.

In the supplemental motion for new trial, defendant alleges that he adduced evidence on the trial to show that he acted in self-defense in shooting at Joe Rankin, and that the shooting of Preston Levi by defendant was done accidentally, while defendant was protecting his own life from an assault made upon him by Rankin.

■ Defendant then indulges in his supplemental motion for new trial in the following line of reasoning:

(1) That the jury concluded that defendant was justified in shooting at Joe Rankin, and returned a verdict of not guilty.

(2) That the jury concluded that defendant was guilty of shooting Preston Levi with intent to murder, and returned a verdict of guilty, although there was no evidence adduced to show any unlawful specific intent upon the part of defendant to murder Preston Levi.

(3) That count 2 of the indictment (shooting with intent to murder) was based solely upon the theory that defendant was guilty of count 1 (assault by willfully shooting), and that this unjustifiable assault would supplant the specific intent lacking in the accidental shooting of Preston Levi.

(4) That, since the jury found as a fact that the shooting at Joe Rankin was justified, the verdict of shooting with intent to murder Preston Levi is clearly contrary to the law and the evidence, and was based upon an erroneous conception of law.

A complete answer to the above contentions of counsel for defendant is found in the following excerpts from the per curiam to this bill: "The defendant was charged in a bill of indictment with wilfully shooting at Joe Rankin, and in another count in the same bill with shooting Preston Levi. The jury acquitted the defendant of shooting at Joe Rankin and found him guilty of shooting Preston Levi.

"Evidence went to the jury which I believed, and which evidently they believed, tending to show that the first of the two shots fired by the defendant struck Preston Levi; that when this shot was fired the defendant was not retreating, had not retreated, and could have retreated with perfect safety to himself; that when this shot was fired nobody had done him anything; that Joe Rankin was unarmed; that there was no crowd or any other person around defendant at the time of the shooting who was trying to harm him even in the slightest; that defendant's own story of the first shot was that he didn't shoot at anybody, but fired the first shot to show that his gun was loaded, and that defendant's life or his body was never in any danger, and there was absolutely no necessity for the first shot to have been fired, even to scare anybody.

"In truth and in fact, the weight of the evidence was to the effect that the defendant was guilty of shooting at Joe Rankin. The jury probably thought that a conviction on one count would meet the ends of justice, and hence acquitted him on one count. I am merely surmising as to the jury's view of the case.

"That defendant has a bad reputation, and once served a term in the penitentiary for robbery, was abundantly established, and I do not understand that it was denied. The great weight of the evidence showed that the defendant armed with a pistol in his hand, came up to where Joe Rankin was, and that the latter fled, on warnings of his friends. The shooting took place a very few minutes after this, and was a part of the difficulty in which defendant was the aggressor.

"There was ample evidence before the jury to sustain the verdict of guilty of shooting Preston Levi.

"It will be noted that the statement of facts filed by the counsel for defendant and the assistant district attorney does not purport to be a complete statement of the facts."

See Statement, Tr. p. 17.

The trial judge declares in his per curiam that defendant did not act in self-defense in assaulting Joe Rankin by willfully shooting at him, and that the evidence showed that defendant was guilty of that charge, although the jury acquitted him.

The trial judge further states in the per curiam that the evidence was ample to sustain the verdict of shooting Preston Levi with intent to murder, which, necessarily, includes sufficient proof of the specific unlawful intent to murder, and excludes also the contention made by defendant in his motion for new trial that this shooting was accidental.

This court is not concerned with the surmises of defendant as to why the jury in this case acquitted him on the first count of the indictment and convicted him on the second count.

Nor have we appellate jurisdiction to review the evidence in a criminal case to determine whether it is sufficient to convict, this being a matter exclusively within the province of the jury.

The conviction and sentence are affirmed.

O'NIELL, C. J., concurs in the decree.