106 So.2d 294

**STATE of Louisiana**

v.

**Otis DEBOSE.**

No. 44141.

Nov. 10, 1958.

Herbert C. Harrison, Shreveport, for relator.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Edwin L. Blewer, Dist. Atty., C. J. Bolin, Jr., Asst. Dist. Atty., Shreveport, for plaintiff-appellee.

HAMITER, Justice.

In the City Court of Shreveport the defendant herein, Otis Debose, was convicted on a charge of operating a motor vehicle while under the influence of alcoholic beverages and sentenced to pay a fine of $150. Thereupon he appealed to the First Judicial District Court in and for the Parish of Caddo where, after a trial de novo, the conviction was affirmed and the sentence increased, the district judge having condemned the defendant to pay the $150 fine previously imposed and additionally to serve thirty days in jail.

The cause is before us, pursuant to defendant's application, on a writ of certiorari and on a rule ordering the district judge and the State of Louisiana to show cause why the sentence of the district court should not be set aside insofar as it increases and exceeds that of the city court.

The question of whether in a cause of this nature a district court has the right to increase the sentence imposed by a city court was specifically passed upon in State v. Langston, 142 La. 292, 76 So. 717, and it was there answered in the negative. Moreover, the ruling was approved and re-

iterated in City of Lake Charles v. Gross, 152 La. 1067, 95 So. 224—a cause presenting the identical issue.

That is the ruling in those cases does not seem to be disputed by the respondent State of Louisiana. It merely suggests, as is shown by the brief of its counsel, that the decisions "have been at least impliedly overruled" by Town of Sulphur v. Stanley, 207 La. 1075, 22 So.2d 655. But we find nothing in the language of the opinion of the latter case to indicate any such intent. Indeed, therein the sentence of the municipal court had not been changed and, hence, the question of the district court's authority to increase it was not before us. In the rendered opinion we simply held that the trial on appeal must be de novo, as if there had been no prior trial, such being a requirement that was recognized in the Langston case as is shown by the following language [142 La. 292, 76 So. 718]: "The provision of the law that, when one who has been convicted in the city court appeals to the district court, the trial shall be de novo, does not mean that the sentence also shall be de novo. * * *" Consequently, it is not correct to say that our holding in the Stanley case is in conflict with the discussed earlier decisions.

Also cited and relied on by the state herein is 22 C.J.S. Criminal Law § 403(i). However, the pertinent provision of that section merely recites that "in some jurisdictions but not in all" the court (where on appeal a case is tried de novo) may impose additional punishment. Incidentally, as shown by a footnote, Louisiana is there recognized as being one of the states in which the sentence cannot be increased.

With further reference to common-law authorities (the state additionally has cited a North Carolina decision) this court observed in City of Lake Charles v. Gross, supra, as follows: "We have considered the authorities cited by our brother of the district court, which are based on decisions rendered in other jurisdictions. Our view of the Constitution and laws of this state, for the reasons given, make those authorities inapplicable here." [152 La. 1067, 95 So. 225.]

For the reasons assigned the sentence pronounced by the district court is annulled and set aside insofar as it exceeds that of the city court, and it is ordered that the case be remanded to the latter tribunal for execution of the sentence which it imposed.