PER CURIAM.
In June of 1965 the defendant was found guilty by a jury on counts 1, 2, 3 and 4 of a five count indictment in which defendant was accused of armed robbery of five different persons. He was sentenced to serve fifteen years (the maximum in 1965 was thirty years) on each of four counts, the sentences to run consecutively.
An “out of time” appeal was granted the defendant in March of 1971.
At the time of the offense and the trial, the Code of Criminal Procedure of 1928 was still in force and effect, the present Code of Criminal Procedure having become effective on January 1, 1967.
• Several bills of exceptions were taken. It is necessary to discuss only one.
Bill of Exception No. 2 was reserved to the denial of defendant’s “motion to select.”
Before trial, the attorney for the defendant filed a written “motion to select” in which the defendant requested the district attorney be ordered to “select before the commencement of trial which particular count of the information filed herein he expects to proceed under.” The bill of information, as noted above, contains five counts. In each count the defendant was accused of armed robbery of a different person on April 24, 1965. The evidence in the record shows that the defendant entered the “Loser’s Lounge” and robbed the operator and some customers. We gather that the State purported to draw its bill under the provisions of Article 218 of the Code of Criminal Procedure of 1928:
“When two or more crimes result from a single act, or from one continuous unlawful transaction, only one indictment will lie; but each of said distinct crimes, though some of them be felonies and others of them misdemeanors, may be separately charged in distinct counts in the same indictment.” ' ''
That article was repealed.in 1932 by Act No. 153. The repeal left in full force Article 217 of the Code of Criminal Procedure of 1928, which provides that “except as otherwise provided under this title, no indictment shall charge more than one crime, . . . ” (The same provision is carried in Article 493 of the Code of Criminal Procedure of 1966).
In State v. Cannon, 185 La. 395, 169 So. 446, 447, 448 (1936), this court held that when-the defendant killed two women in one transaction, the “killing of each was a separate homicide, a separate crime, and since the repeal of article 218.of the Code of Criminal Procedure by Act- -Ño. T53- of *280 1932, it was necessary that two separate indictments be returned if the state intended to prosecute this defendant for each homicide.”
The Cannon case cited State v. Roberts, 170 La. 727, 129 So. 144 (1930), where a defendant was charged in separate indictments with the murder of two persons in a robbery. In the Roberts case, before the repeal of Article 218 of the Criminal Code, this court held that it was essential to charge the dual lolling in a single indictment, and the failure to do so prevented the trial of the defendant on the second indictment.
It is true that there is contrary jurisprudence in this State. For example, in State v. Morrison, 184 La. 39, 165 So. 323 (1936), this court approved an indictment which charged the killing of two persons during a burglary. There, however, the count relied on State v. Batson, 108 La. 479, 32 So. 478 (1902), a case decided before the enactment of the Code of Criminal Procedure of 1928. It was noted that the question arose in a motion for a new trial, and no motion was made during the trial or before the trial to compel the State to elect. See also dicta in State v. Turner, 178 La. 927, 152 So. 567 (1934); State v. Mansfield, 178 La. 393, 151 So. 631 (1933).
The State argues that the repeal of Article 218 of the Code of Criminal Procedure of 1928 “in no way affected the common law rule of joinder of crimes . . . ” and relies on the dicta of State v. Turner, supra:
“The repeal of article 218 of the Code of Criminal Procedure (Act No. 153 of 1932), relating to charging two or more offenses in distinct counts, does not have the effect of repealing the rule at common law as to charging such offenses.” 178 La. at 939, 152 So. at 571.
The argument is not well founded.[1] The subsequent ruling in State v. Cannon, supra, was to the contrary, and was necessary to the decision of the case.
The ruling in State v. Cannon was reiterated with approval in State v. Carter, 206 La. 181, 19 So.2d 41 (1944).
As an alternative, the State further contends that the robbery charge contained an element of theft, and Article 225 of the Code of Criminal Procedure of 1928 allowed the cumulation in one indictment of several counts of theft. There is no merit in this argument, for the purpose of cumulation of theft charges in Article 225 was to aggregate the amounts to determine the grade of the offense charged.
*282 We conclude that, upon the repeal of Article 218 of the Code of Criminal Procedure of 1928, Article 217 of that code remained in full force and effect, requiring that an indictment shall charge no more than one crime, except as otherwise provided by the statutes. The joinder of offenses in the case before us should not have been allowed; the defendant’s motion to select, timely filed, should have been sustained.
For the reasons assigned, the conviction and sentence are reversed and the case is remanded for a new trial.
SUMMERS, J., dissents.
SANDERS, Justice (dissenting).
Even assuming that multiple counts were improper, only the sentence would be affected.

. For a discussion of the problem and history of Article 218, see Slovenko, The Accusation in Louisiana Criminal Law, _ 32 Tul.L.Rev. 47 at pages 70-81 (1957-195S) ; Litton, Joinder of Criminal Offenses in Louisiana, 4 La.L.Rev. 127 (1941-1942).