278 So.2d 84 (1973)
STATE of Louisiana
v.
Charles M. JOHNSON and New Orleans Book Mart, Inc. et al.
No. 52537.
Supreme Court of Louisiana.
March 8, 1973.
Rehearing Denied May 7, 1973.
Michael Silvers, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Charles M. Johnson and the New Orleans Book Mart, Inc. were jointly charged *85 by bill of information[1] for five violations of the obscenity statute, La.R.S. 14:106 After a trial before a judge, they were found guilty of all five counts and sentenced as follows:[2]
"Charles M. Johnson was sentenced to pay a fine of $300.00 or to serve sixty (60) days in the Parish Prison as to each count, or a total of $1500.00 or to serve three hundred (300) days in the Parish Prison. The New Orleans Book Mart, Inc., was sentenced to pay a fine of $300.00 as to each count or a total of $1500.00. The Court then assessed each defendant $28.00 Court costs as to each count, or a total of $140.00 and, in default of payment thereof, to serve thirty (30) days in the Parish Prison as to each count. Counsel for defense filed with the Court a Motion for Appeal as to each defendant."
In our examination of the pleadings and proceedings below, following the submission of the case to us for decision, we have found, ex proprio motu, the trial court imposed an illegal sentence requiring remand.
Inasmuch as the defendant, by his failure to assert a timely Motion to Quash (La.C.Cr.P. art. 535) waived an objection that the Bill of Information was fatal by virtue of misjoinder of the five counts (La.C.Cr.P. art. 532(3)), we must conclude the bill to be legal charging one offense of the statute. La.C.Cr.P. arts. 493 and 495. Cf. State v. Giangrosso, 263 La. 275, 268 So.2d 224 (1972).
The penalty provision for a violation of La.R.S. 14:106 reads:
"Whoever commits the crime of obscenity shall be fined not less than one hundred dollars nor more than five hundred dollars, or imprisoned for not more than six months, or both..."
By imposing a total fine of $1500 upon defendant and imprisonment which, in default of payment totaled approximately ten (10) months, the trial judge exceeded the penalty allowed.[3]
For the reasons assigned, it is ordered the sentence be set aside and the case remanded to the Criminal District Court for the Parish of Orleans, Section "C" for resentencing in conformity with the law.
BARHAM, J., concurs considering the judgment not final since sentence is declared illegal.

ON APPLICATION FOR REHEARING
PER CURIAM.
The State's application for rehearing is based upon the assumption that five offenses were charged and that, by failing to object to joinder, the defendant waived his right to complain of five sentences. Our majority opinion held that the bill charged only one offense of obscenity committed in five different ways.
The application for rehearing is denied.
SANDERS, C. J., and SUMMERS, J., dissent from the denial of a rehearing.
MARCUS, J., recused.
NOTES
[1] Also charged were corporate officers, Robert Mitchum and Fred Lund, whose trials were severed and were subsequently found not guilty.
[2] As recorded in the minutes, December 29, 1971.
[3] See also La.C.Cr.P. art. 884 which states in its pertinent part: "* * * where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense."