290 So.2d 865 (1974)
CITY OF BATON ROUGE
v.
James NORMAN.
No. 53868.
Supreme Court of Louisiana.
February 18, 1974.
Rehearing Denied March 22, 1974.
*866 Foye L. Lowe, Jr., DeBlieux & Lowe, Baton Rouge, for defendant-relator.
Donald R. Wilson, Richard W. Vidrine, Legal Interns, P. Raymond Lamonica, Supervising Atty., L. S. U. Clinical Legal Education Program, Baton Rouge, for plaintiff-respondent.
SUMMERS, Justice.
While on patrol about 3 or 3:30 o'clock on the morning of October 15, 1972, Police Officers Buller and Dillon observed a light blue pickup truck cruising slowly near the intersection of Cora and Parkview Streets in the Broadmoor area of the city of Baton Rouge. The slow progress of the truck and its maneuvers indicated to the officers that the driver was looking for something. Turning their headlights off, they followed at a distance.
They kept the truck in view as it cruised the neighborhood in a criss-cross pattern. When it arrived in the vicinity of 745 Woodhaven, it stopped. The driver got out and walked back about a block over the route he had just traveled to the residence of Nancy Guy at 745 Woodhaven Street. Moving onto the carport of the residence, he picked up an earthern vase and started back to the truck through the shrubbery in the yard.
In the meantime Officer Dillon had concealed himself nearby. As the truck driver emerged he saw Officer Dillon and tossed the pottery into the shrubbery. He was then confronted by the officer. Thereafter *867 the pottery was recovered, and the accused James Norman was identified, arrested and charged by affidavit in the City Court.
The affidavit charged Norman in two counts with violation
of The Baton Rouge City Code 13:425 (Theft) 2.12:150 (Trespassing) in that he
1. did take 1 carthern (sic) jug from Nancy Guy 745 Woodhaven value unknown with the intent to permanently deprive the owner of said merchandise.
2. entered upon the premises of another person without the consent of the owner.
After arraignment and several continuances granted on defendant's motion, he was tried in the City Court, found guilty on both charges and sentenced to thirty days in jail on each. He appealed to the District Court where the case was tried de novo. That court affirmed the conviction but remanded the case to the City Court to correct the erroneous thirty-day sentence on the trespassing charge for which the maximum penalty under the ordinance was twenty days.
From the judgment thus rendered defendant applied to this Court to review his conviction and sentence under its supervisory authority. Five assignments of error are urged to set aside the conviction and sentence.

I.
When the evidence in chief had been introduced on behalf of the prosecution on the trial de novo in the district court, the trespass ordinance was introduced into evidence (Section 150, Title 12 of the Baton Rouge City Code); whereupon defendant, through counsel, filed a motion to quash the ordinance alleging that it was overbroad on its face and vague as to just what acts constituted the offense. Defense counsel also orally moved for "a directed verdict of acquittal and/or a mistrial as to count one of the affidavit." A bill of exceptions was reserved to the ruling of the court denying the motion to quash.
The ordinance in question provides:
Whoever shall enter into the house or enter upon the premises or within the enclosure of another person, without the consent or permission of the owner, agent or possessor of said house, premises or enclosure, shall be guilty of trespass, which is hereby declared to be a misdemeanor, and, on conviction thereof, shall be fined not exceeding twenty-five dollars ($25.00) or imprisoned not exceeding twenty (20) days for each and every offense.
The time to file a motion to quash is before trial, La.Code Crim.Proc. art. 535. This motion to quash was filed after trial commenced despite the fact that the ordinance was cited in the affidavit charging defendant. However, fundamental grounds such as the invalidity of the statute upon which the prosecution is based are not waived by failure to urge them by motion to quash prior to trial. To the contrary, the validity of the statute upon which the prosecution is based is "within the scope of appellate review without prior objection, under Art. 920(2), since it is an error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." Official Revision Comment, La.Code Crim. Proc. art. 535.
We proceed, therefore, to a consideration of the validity of the ordinance on constitutional grounds. In doing so we are reminded that in Louisiana this Court has consistently adhered to the doctrine that every presumption of law and fact must be indulged in favor of the constitutionality of legislation, it being the expression of the will of the people. And "the burden of establishing the unconstitutionality of the statute rests upon the party who assails it." State v. Guidry, 247 La. 631, 173 So.2d 192 (1965).
*868 Charges brought attacking the constitutionality of criminal statutes based upon the contention that they are vague and overbroad have generally been decided in Louisiana on the principle embodied in Article I, Section 10, that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation against him. These attacks also present due process questions, for due process is undoubtedly denied when a person is convicted upon the authority of a statute which the constitution prohibits the legislature from enacting. U.S.Const. Amends. V and XIV; Cramp v. Board of Public Instruction, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961); La.Const. Art. I ¶¶ 2, 6.
Generally the objection that a statute is vague and overbroad may be satisfied by language which provides an adequate warning as to what conduct is proscribed and which marks boundaries sufficiently distinct for judges and juries to administer the law in accordance with the legislative will. United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1946).
The requirement of definitness need only give a person of ordinary intelligence fair notice that his conduct is criminal. To accomplish this the legislature may employ generic terms. Cumbersome enumeration or explicit delineation of all possible situations is not required. "The enumeration in a statute of every item or variation in conduct is frequently impossible." State v. Wierner, 245 La. 889, 161 So.2d 755 (1964). See also State v. Willis, 253 La. 893, 221 So.2d 39 (1969); State v. Bourg, 248 La. 844, 182 So.2d 510 (1966); State v. Truby, 211 La. 178, 29 So.2d 758 (1947); State v. Hunter, 164 La. 405, 114 So. 76 (1927).
In light of these principles it cannot be said that persons of ordinary intelligence are unable to know that the ordinance prohibits entering "upon the premises of another person, without the consent or permission of the owner." That is the context of this prosecution, and this defendant could know that he was violating the law when he went upon the carport without the owner's consent. A carport adjacent to a residence is as much a part of the premises as the dwelling itself and is commonly regarded as such. All the words of the ordinance applicable to Norman's conduct are words of ordinary meaning and common understanding. Cf. Adderley v. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966).
It is suggested that there are many situations which could arise which were not intended to come within the prohibition of the statute. To apply the statute as it reads, it is argued, would make persons coming to visit, or to deliver packages, etc., guilty of a criminal trespass. For this reason it is said the statute is overbroad. We cannot agree. In the first place those situations are not before us, and if they were we would undoubtedly find that an implied consent of the owner exists to such lawful entries upon his property. A valid defense could, in this manner, be constructed by implication. Such an implied consent to entry may arise from local custom and usage. But these questions are not present here, and the objection of vagueness and overbreadth is available only to one whom it concerns. In State ex rel. Kemp v. City of Baton Rouge, 215 La. 315, 40 So.2d 477 (1949), we recognized the rule to be "that only a person whose rights are injuriously affected by those provisions of the law sought to be declared unconstitutional can be heard to challenge the constitutionality thereof." See also Bode v. Barrett, 344 U.S. 583, 73 S.Ct. 468, 97 L.Ed. 567 (1953); United States v. Wurzbach, 280 U.S. 396, 50 S.Ct. 167, 74 L.Ed. 508 (1930); Tanner v. Beverly Country Club, 214 La. 791, 38 So.2d 783 (1949); 50 Am.Jur., Statutes, ¶ 474 n. 6; 16 C.J.S. Constitutional Law § 76 n. 51.
Norman's rights are not affected by the speculative postulate that a mailman or delivery *869 man may be prosecuted under the statute. The proof is uncontradicted that Norman did enter upon the premises in question and that he did not have the consent of the owner. There is no question of an implied or any other consent so far as Norman is concerned. His stealthy entry in the still, dark hour of the night was not for any legitimate purpose. So far as these postulates are concerned Norman is not affected by them.
When it is found that legislation meets the test of constitutionality as this ordinance does, the wisdom of the ordinance is not a concern of the courts. The duly constituted legislative body of the city of Baton Rouge has determined the need to restrict unauthorized entry upon private property. The local condition apparently makes this trespass ordinance necessary to preserve a measure of tranquility for the City's inhabitants. Diversity of needs in various sections of the State has been recognized by this Court. State v. Guidry, supra. These needs are best determined and served by the local elected representatives. The challenge to the constitutionality of the ordinance fails in this case.

II.
Counsel for the defense assigns as error the failure of the district court on the trial de novo to grant a mistrial on the ground that count one of the affidavit, charging defendant with misdemeanor theft, was defective in substance. The claim is based upon the failure to allege in the affidavit that the thing stolen was valued at less than $100. It was necessary to include this allegation, it is contended, for by the very terms of the ordinance a value less than $100 constitutes an essential element of the crime. In conclusion, it is said, this omission is a defect of substance in the affidavit.
If the omission of value is a defect of form only it does not render the indictment invalid or insufficient, and the defect must be asserted by a motion to quash in advance of trial, otherwise it is considered waived. La.Code Crim.Proc. arts. 487, 531. On the other hand, where the defect in the indictment is one of substance, and the issue is raised after the trial begins, a mistrial shall be ordered. Id. art. 487.
Failure to allege that the value of the thing stolen was "less than one hundred dollars ($100.00)" is not an essential element of this crime. "Theft" is defined by the ordinance as
. . . the misappropriation or taking of anything having a value of less than one hundred dollars ($100.00) which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential. (Baton Rouge City Code, Title 13, Section 425).
From the language of the ordinance it may be seen that the essential elements of the crime are: 1) a taking from another, 2) without consent, 3) of something of value, 4) with intent to permanently deprive. We also note that "Value . . . need not be alleged in the indictment, unless such allegation is essential to charge or determine the grade of the offense." La.Code Crim.Proc. art. 470. Similarly, the Code does not require exactness in the defendant's name, Id. art. 466; the legal form of the partnership or association charged, Id. art. 467; the date and time of the offense, Id. art. 468; the venue, Id. art. 469; the price or amount of damage, Id. art. 470; or the ownership, or name of the owner of property, Id. art. 471; or other details not of a substantive character. These details are matters of form, a category in which "value" unmistakably falls.
Article 464 requires only that the indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." The article is designed to provide a simple form *870 of indictment. And the rule it announces clearly contemplates that the details of the alleged crime are not part of the indictment, but are to be procured through a bill of particulars. Pertinently, no application was made for a bill of particulars furnishing the value of the vase. Doing so would readily have removed this objection to the indictment.
A "defect of substance" as contemplated by Article 487 of the Code of Criminal Procedure is intended to mean a defect which will work to the prejudice of the party accused. It has the same effect which an error in the citation of the statute or its omission from the indictment has under Article 464. Such an error "shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." La.Code Crim. Proc. art. 464. It will be noted that the indictment (affidavit) before us does plainly cite the ordinance by title and section under which this prosecution is had. In doing so the indictment furnished complete notice and understanding of the proceeding being brought against this defendant. He was not misled or misinformed to his prejudice.
The only case cited by the defense to support its position is State v. Smith, 275 So.2d 733 (La.1973). The case, however, is not controlling here. Decision of the Smith Case rests upon a finding that a bill of information charging robbery of a named bank was defective in that it failed to allege the person robbed. Even under the hypertechnical rule (see dissent of Chief Justice Sanders) of the Smith Case, the indictment before us is sufficient. The problems of the two cases are distinguishable, however, and we find no authority in the Smith Case to support this defense.

III.
Defendant asserts that error occurred when the judge convicted him on the trial de novo of both offenses charged in the single indictment, ordering that the sentence on one be corrected on remand. To support this position counsel cites Article 493 of the Code of Criminal Procedure continuing the general rule that has long prevailed in Louisiana to the effect that "No indictment shall charge more than one offense, except as otherwise provided. . . ."
Counsel also recognizes that "misjoinder of offenses may be urged only by a motion to quash the indictment." La.Code Crim.Proc. art. 495. But, he argues, the requirement of Article 493 that "no indictment shall charge more than one offense" is the recognition of a principle of constitutional dimensions which cannot be altered by the legislative requirement that it be asserted by a motion to quash in advance of trial. This argument has no merit. It disregards the fact that the defendant may desire, and his defense may be favored by, a single trial. More importantly, the argument disregards what the courts have long recognizedconstitutional rights may also be waived. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1931); State v. Stokes, 250 La. 277, 195 So.2d 267 (1967); 16 Am.Jur.2d, Constitutional Law, ¶ 131. Failure to seasonably file the motion to quash is a waiver. Such a legislative requirement is reasonable and not unduly burdensome to the accused. La.Code of Crim.Proc. art. 535 C & D; State v. Johnson, 278 So.2d 84 (La.1973).

IV.
After a finding of guilty on both charges at the trial de novo, the district judge affirmed the convictions but set aside the thirty-day sentence on the trespassing charge as excessive, inasmuch as the ordinance provided for a maximum penalty of twenty days. Accordingly, he remanded the case to the City Court for resentencing.
In our opinion the trial de novo requires sentencing by the judge presiding at that trial, the sentence being an integral *871 part of the conviction obtained in the trial de novo. To conform with this view, we shall remand to the district court and order the trial judge there to impose such sentences as he considers appropriate and in keeping with the law and the facts of the case as tried in his court, provided that the sentence shall not exceed that imposed in the City Court. La.Code Crim.Proc. arts. 871, 882, 916; State v. Debose, 235 La. 875, 106 So.2d 294 (1958); Town of Sulphur v. Stanley, 207 La. 1075, 22 So.2d 655 (1945); City of Lake Charles v. Gross, 152 La. 1067, 95 So. 224 (1922); State v. Langston, 142 La. 292, 76 So. 717 (1917).

V.
It is asserted that neither the minutes of the City Court nor the record on the trial de novo show that defendant waived his right to counsel at his trial in the City Court. Therefore, since it is now clear from the decision of Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L. Ed.2d 530 (1972), that no prison sentence can be imposed unless the defendant has waived his right to counsel, the original sentence in the City Court is unlawful. It follows, according to this contention, that the affirmance of the conviction on the trial de novo is also defective notwithstanding that defendant was represented by counsel there. Based upon this argument, counsel for defendant contends the verdict and sentence should be set aside.
This contention lacks merit. Even if we should agree that the second trial is affected by the first, which is not decided here, the testimony of the City Court Judge on the trial de novo, is that the defendant waived the benefit of counsel at his trial in the City Court. There is also no doubt that defendant was ably represented on the trial de novo by counsel of his choice. Hence the defense contention is not supported by the facts in the record. It now becomes the duty of the judge of the District Court to impose sentence on remand.

Decree
For the reasons assigned, the case is remanded to the Nineteenth Judicial District Court where the judge is instructed to impose sentence in accordance with law, not to exceed the maximum penalties provided by the ordinances upon which this prosecution is based; nor shall the sentence exceed that imposed in the City Court. The case shall then be remanded to the City Court of Baton Rouge for execution of the sentence.
DIXON and CALOGERO, JJ., concur.
BARHAM, J., dissents and will assign reasons.
BARHAM, Justice (dissenting).
The Baton Rouge city ordinance reads:
"Whoever shall enter into the house or enter upon the premises or within the enclosure of another person, without the consent or permission of the owner, agent or possessor of said house, premises or enclosure, shall be guilty of trespass, which is hereby declared to be a misdemeanor, * * *"
The ordinance contains no requirement of any scienter whatever. The city, in argument before us, admitted that the ordinance was designed for selective applicationthat those persons who entered the premises without permission, to whom the occupant or the city imputed bad motives, would be prosecuted, and that those who entered upon the premises to whom the occupant or the police imputed good motives, would be treated differently. I agree that the City of Baton Rouge might constitutionally require all people to stay upon public sidewalks and thoroughfares at all times, unless they have invitations to depart and enter upon private premises. I do not believe the city may adopt and enforce an ordinance as broad and ambiguous as *872 this one. The defendant here has a perfect right to urge the unconstitutionality of the application of the ordinance, as well as the ordinance itself.
I respectfully dissent.