Dear Judge Burgess:
Your request for an opinion concerning appeals of decisions of the mayor's court has been forwarded to me for research and reply. You asked the following questions:
 1. In a trial de novo, is a district court limited to the penalty assessed in mayor's court, or may it sentence to the full extent of the applicable law?
 2. In a trial de novo, may a district court order costs for convictions of municipal ordinances payable to the district court, rather than the municipality in accordance with La. R.S. 13:1896?
Regarding your the first question, the controlling statute is La. R.S. 13:1896(A). Under this provision, district courts are given appellate jurisdiction over all appeals in criminal cases from a mayor's court, where a person has been subjected to imprisonment or a forfeiture of rights or property. Additionally, La. R.S. 13:1896 requires that all such appeals be tried de novo.
The Louisiana Supreme Court addressed the issue of penalties in a trial de novo in City of Baton Rouge v.Norman, 290 So.2d 865 (La. 1975). In Norman, the defendant was found guilty in city court for criminal trespass and theft, and was sentenced to 30 days in jail for each offense. The defendant appealed the case to the district court, where following a trial de novo, the court affirmed the conviction, but remanded the case to the city court to correct an error in sentencing. Upon review, the Supreme Court held that trial de novo of a city court decision required sentencing by the judge presiding at the de novo trial, but the sentence rendered should not exceed that imposed by the city court. Similarly, inState v. Badeaux, 309 So.2d 337 (La. 1975), the Court reached the same conclusion when the lower court involved was a parish court. In relying on Norman, the Supreme Court remanded for imposition of a sentence that did not exceed that imposed in parish court.
Therefore, under La. R.S. 13:1896, as interpreted by the Supreme Court, a district court is limited by the penalty imposed by the mayor's court in that it cannot impose a harsher sentence, although it has discretion to impose a more lenient sentence.
Regarding your second question, the ability of a district court to collect costs upon de novo review, even where penalties are otherwise payable to the municipality, can be answered by reading in pari materia similar provisions in Title 13. When these statutes are read in light of the purpose of de novo review, there remains no doubt that the law recognizes a district court's ability to assess and retain court costs upon de novo review even though fines and forfeitures must still be forwarded to the appropriate municipality.
Under La. R.S. 13:1899(B), the purpose of court costs is clearly defined ". . . . [t]he proceeds derived from these costs shall be deposited in a special account which shall be subject to audit and used for the operational expenses of the court or for the payment of clerical fees or other similar expenditures as may be approved by the judge." Thus, the Legislature expressly provided that court costs be used to offset court expenses. It would circumvent this clear legislative intent to allow costs of the de novo trial to be paid to the mayor's court.
Moreover, the tenor of the accompanying sections in Title 13 buttresses the proposition that court costs assessed in a trial de novo should remain with the district court. Although R.S. 13:1896(A) explicitly provides that "[a]ny forfeitures or penalties collected by the district court on appeal from a conviction of a municipal ordinance shall be distributed and disbursed to the municipality", Title 13 consistently distinguishes court costs from other types of charges such as fines, forfeitures and penalties.
La. R.S. 13:1894.1(C) provides for the disbursement of ". . . all fines, forfeitures, and penalties, exclusive ofcosts, collected in city, parish, and municipal courts for violations of R.S. 14:98" (emphasis added) to the governing authority where the offense occurred. Likewise, La. R.S.13:1898(A) stipulates that the clerk of the city court or a designated marshal shall ". . . collect all fines, forfeitures, penalties, and costs, and funds so collected by them,excluding costs, shall be paid into the city treasury . . ." (emphasis added) of the appropriate city or parish. Notwithstanding the limited applicability of these particular provisions, they are nonetheless indicative of the prevailing legislative intent to separate costs from penalties and forfeitures.
Because La. R.S. 13:1896 commits to the municipality only forfeitures and penalties, it should be applied only to those items. The Legislature clearly knew how to say "costs," yet it chose not to do so in § 1896. The omission of costs should therefore be construed in light of the accompanying sections, as a separate and distinct amount from fines, forfeitures and penalties. Therefore, consistent with La. R.S. 13:1896, a district court should be able to retain amounts assessed for court costs upon de novo review of a mayor's court decision.
Thus, it is the opinion of this office that upon a de novo review of a mayor's court decision, a district court is limited to the maximum penalty assessed by the mayor's court but may impose a more lenient sentence. Additionally, court costs may be assessed and retained by the district court upon a de novo review of a mayor's court decision, even though a district court is required by law to disburse any forfeiture or penalty to the municipality.
If our office can be of further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________ DONALD W. NORTH Assistant Attorney General