No. 13,921.

STATE EX REL. LOUISA HOHN VS. JOSHUA G. BAKER, JUDGE OF THE CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS, AND JAMES HUGHES, RECORDER OF THE FIRST RECORDER'S COURT FOR THE CITY OF NEW ORLEANS.

SYLLABUS.

1. Where by an ordinance of the city of New Orleans the doing of a certain act is prohibited as a public nuisance, and violation of the ordinance made punishable by fine or imprisonment, and each day's continuance of the nuisance is made a separate offence, a party convicted by a recorder upon separate and distinct and successive charges for violation on successive days of the ordinance, and separately sentenced upon each charge, cannot by *certiorari* have the sentence set aside as being an illegal division into different offences of a single offence, where in none of the complaints is the party charged with more than one day's infraction of the ordinance.

2. The fact that evidence of the conviction of the accused of a prior and similar offence has been permitted to be introduced in evidence on his trial for the later offence and has served as a "make weight" in the determination of the later charge, does not justify the claim that the party has been found guilty and punished a second time for the original offence, where other evidence has been introduced in support of the later charge, and the evidence of the prior conviction has been introduced by way of corroboration.

A PPLICATION for writs of *certiorari* and prohibition.

---

*Charles H. Osterberger,* for Relatrix.

---

*M. Dracos Dimilry,* Assistant City Attorney, and *Samuel L. Gilmore,* City Attorney, for Respondents.

The opinion of the court was delivered by

NICHOLLS, C. J. Relator alleged that she was accused of having violated Ordinance No. 13,032 as amended by Ordinance No. 13,485, C. S., relative to keepers of assignation houses.

That on the tenth day of December, 1900, she was charged upon information received with having violated said ordinance as amended, on the first day of December, 1900.

That before a hearing was accorded her, upon the aforesaid ordinance, and amended ordinance, she was additionally charged upon information received, with having violated said ordinance relative to keeping an immoral house from day to day up to and including the 26th day of December, 1900, the day on which a hearing was granted, until thirteen charges had been preferred against her for the alleged violation thereof on as many different days; that on the day of trial it was agreed that all of the aforesaid charges should be consolidated; that upon the trial thereof, and notwithstanding that no evidence was adduced against relatrix other than that of previous bad reputation and former guilt, the recorder of the First Recorder's Court of New Orleans did wrongfully and illegally pronounce relatrix guilty of conducting an immoral house in violation of said ordinance and sentenced her to pay fines under the several charges aggregating two hundred and forty dollars, and in default of payment to imprisonment in the parish prison exceeding six months; that the record discloses the fact that relatrix was charged with having violated said ordinance within the time allowed her to vacate and before the expiration of the five days' delay allowed under the ordinance; that the record discloses the fact that relatrix owns the property in question, and uses it as her home; that the record discloses, also, the fact that there is not a scintilla of evidence therein showing that she kept an immoral house on the days mentioned in the several affidavits, or that she conducted an immoral house since receiving the notice from the mayor that her house was used for immoral purposes; that the record discloses, also, that the testimony upon which the recorder relied, as establishing the guilt of relatrix refers to alleged violations of the ordinances long since past, and for which alleged violations relatrix paid the penalty shortly after the commission; that a conviction under such circumstances operates as a dual punishment for the same offence in violation of the law for such cases made and provided; that relatrix applied for and was granted a suspensive appeal from said illegal sentence returnable to the Criminal District Court for

the Parish of Orleans; that said appeal was allotted to Section "A" of said court; that the judge of said court through error of law and a disinclination to disturb the findings of the recorder, affirmed the sentences of the recorder; that the opinion affirming the sentences discloses the fact that the judge of said Criminal District Court considered and gave weight to the testimony of a witness, the only one who testified to the immoral use of the house, and who stated that ten months ago the house was so used by her, for which alleged infraction relatrix had already paid the penalty as disclosed by the record; that the conviction thereunder was equivalent to a dual punishment for an alleged infraction, and violates the constitutional rights of relatrix which guaranteed her against being punished twice for the same offence; that this multiplicity of charges and a conviction thereunder, in the absence of any evidence other than that of previous bad reputation and former guilt, although affirmed on appeal, operates as a divestiture of the liberty and property of relatrix without due process of law; that it was necessary in the premises for the protection of the liberty and property of relatrix, and to insure the observance of the true principles of law applicable thereto, that a writ of *certiorari* do issue returnable according to law, directed to the judge of the Criminal District Court (Section "A") for the Parish of Orleans; that it was also necessary that a writ of prohibition issue directed to the recorder of the First Recorder's Court restraining him from further proceedings herein until further orders.

In view of the premises said orders and writs were prayed for.

The judge and the recorder were ordered to show cause why the writs prayed for should not issue and the judge of the Criminal District Court was ordered to send up a certified copy of the proceedings had before him in the consolidated cases mentioned, to the end that their validity might be ascertained, and, in the meantime, and until further orders of court, all further proceedings in those cases were restrained.

The district judge sent up the record, and the district judge and the recorder, for answer, averred that the record showed that at the time the accused was placed on trial before the recorder, she filed no demurrer to the affidavits, and consented to a consolidation of the affidavits filed; that at no time did the accused file any plea or exception to the jurisdiction of either the First Recorder's Court, or to the jurisdiction of the Criminal District Court; that using the language of the Supreme Court in the case of State *ex rel.* Baker vs. Judge of Second Recorder's Court, "it was unquestionably settled that until a plea

376 SUPREME COURT OF LOUISIANA.

State ex rel. Hohn vs. Judge and Recorder.

to the jurisdiction of a court had been made and overruled an application for a writ of prohibition cannot be entertained" (43 Ann. 1119), that there were many authorities on this subject, some of which were State *ex rel.* Railroad Co. vs. Judge (37 Ann. 843); State *ex rel.* Girardy vs. State (38 Ann. 569); State *ex rel.* Shakspeare vs. Judge (40 Ann. 607); State *ex rel.* LeBlanc vs. Judge (40 Ann. 908); that the record shows that when the accused was tried before the recorder she did not question the legality or constitutionality of any fine or penalty imposed, or to be imposed under the said ordinances, but took advantage of her constitutional rights and appealed to the Criminal District Court; that Article 139 of the Constitution of 1898 fixes the appellate jurisdiction of the Criminal District Court as follows: "Appellate jurisdiction in all cases tried before the City Criminal Courts or Recorder's Courts of the city of New Orleans which cases shall be appealable on the law and the facts, and shall be tried on the record and evidence as made and offered in the lower court". That at the time the accused was convicted before the recorder she appealed on the facts alone and at no time contended or excepted on the ground that she was being deprived of any constitutional or legal rights; that the judgment of the appellate court shows that the recorder was affirmed on the facts as contained in the record.

Respondents prayed that the restraining order be set aside and that the writs applied for be denied and relatrix's petition be dismissed at her costs.

### OPINION.

No brief has been filed in this matter on behalf of the relatrix. We have, however, examined with care the record which has been sent up. We ascertain from it that an affidavit (Affidavit No. 645) was filed against relatrix in the First Recorder's Court on the 10th of December, 1900, charging her with having violated on the 1st day of December, 1900, Ordinance No. 13,032 of the city of New Orleans, amended by Ordinance No. 13,485, relative to keeping an assignation house without the prescribed limits; that thereafter a second affidavit (Affidavit No. 648) was, on the 11th of December, 1900, filed against the same party, charging her, in the same court, with having violated the same ordinances on the 10th of December, 1900; that each day thereafter, commencing on the 12th of December, 1900, down to and inclusive of December 15th, 1900, distinct affidavits (Affidavits Nos. 650, 652,

# TERM OF 1900-1901. 377

State ex rel. Hohn vs. Judge and Recorder.

653, 657) were filed against her, each charging her with having the day preceding, violated the same ordinances; that on the 17th of December, 1900, another affidavit (No. 662) was filed against her in the same court, charging her with having on the 16th of December, 1900, violated the same ordinances; that on the 18th of December, 1900, and each day thereafter, down to and including December 22nd, 1900, distinct and separate affidavits (Nos. 663, 666, 671, 677, 680) were filed against her in the same court, each charging her with having violated, on the day previous, the same ordinances; that on the 27th of December, 1900, an affidavit (No. 681) was filed against her, charging her with having, on the 26th of December, violated the same ordinance; that these various cases were taken up and tried on the 22nd and 27th of December, 1900, and after evidence adduced, the court found the accused guilty upon each of these affidavits, or charges, against her, and rendered separate judgments against her upon each, viz: upon affidavit No. 645, imposing a fine of five dollars, and in default of payment imprisonment not exceeding ten days; upon affidavit No. 648, a fine of ten dollars, and in default of payment not exceeding twenty days; upon affidavit No. 650, a fine of fifteen dollars, and in default of payment imprisonment not exceeding twenty days; upon affidavit No. 652 a fine of fifteen dollars, and in default of payment imprisonment not exceeding twenty days; and on affidavits Nos. 657, 662, 663 and 666, respectively, a fine of twenty dollars on each, and in default of payment imprisonment on each not exceeding twenty days; upon affidavits Nos. 671, 677, 680 and 681, a fine of twenty-five dollars on each, and in default of payment imprisonment on each not exceeding thirty days.

The accused appealed to the Criminal District Court, and that court having affirmed the judgment, this application was made.

We do not discover any irregularities or nullities in the proceedings. Defendant's witnesses were heard as well as those of the city, and though both courts may have erred in their conclusions as to the weight and sufficiency of the evidence to establish the guilt of the accused that simple fact of itself would not warrant us in decreeing the proceedings or the judgments null and void and setting them aside.

Relatrix is in error in supposing that because evidence was permitted to be introduced over her objections showing prior violations by her of the same ordinances and for the violation of which she had paid the penalty, that she was tried and found guilty a second time for those past violations and would be made to be punished twice for the same

offence. She was not tried for those prior violations, nor found guilty thereon. The evidence on that subject was introduced simply as corroborative of and in aid of other evidence adduced to sustain the charges made for the later violations.

Relatrix denies the right and authority of the prosecuting officers of the city to have charged her on successive days and through separate affidavits with having committed separate offenses for each day that she might have kept an assignation house within the forbidden limits. She claims that she would be guilty of one single offense and subject to one single punishment and that within the limit of the punishment which the recorder could impose for a single offense. The ordinances which she is charged with having violated make each day's keeping of an assignation house a separate offense. The making of each day's keeping open of such a house a separate offense was not the act of the recorder nor of the city authorities, but of the ordinances themselves. This identical question was before this court in State ex rel. Baker vs. Judge, 43 Ann. 1120, and decided adversely to the position taken by relatrix. The same question was similarly decided by the Supreme Court of Vermont in State vs. O'Neill, reported in 58 Vermont, 140, and referred to in O'Neill vs. Vermont, in the 144 U. S. Reports, 333 and 334.

The following extracts from Horr & Bemiss' work on Municipal Ordinances, Section 152 (supported therein by authorities), bear upon this subject:

"In determining the validity of a judgment imposing a fine care must be had to discriminate between offenses that are several and distinct, and those that are continuing. Distinct offenses of the same nature may under some codes of procedure be prosecuted in one and the same action, in which case the full limit of the law may be adjudged against the offender for each, regardless of the fact that the total fine thus imposed far exceeds the bounds of the jurisdiction of the local court. For instance, one might make any number of unlawful sales of intoxicating liquors on the same day, and each sale would be a distinct offense punishable separately."

Other acts that constitute offenses against ordinances are continuing; that is, they may have numerous consecutive results, each of which may be considered an offense. Thus, if a person erect a nuisance, not only the primary erection but also each day's continuance, is a menace to public rights. A prosecution, however, would needs cover the total

State ex rel. Watkins vs. Land and Timber Co.

offense prior to the date of its institution. In such cases, the limit of the lawful fine, for maintaining a nuisance could not be exceeded for the same nuisance, but it is lawful to provide an initial fine for creating the nuisance and an additional fine for each day of its continuance. The fine, as thus computed, must not be made to exceed the limits prescribed for that kind of offense. It is no ground of objection to such an ordinance that the fine might under its provisions, be computed to exceed the limit.

In the present case no affidavit charged more than one offense for a single day's infraction. (See Brown on Jurisdiction, Sec. 107.)

As we have said, the affidavits are separate and distinct, and so, also, were the judgments and sentences.

We are of the opinion that relatrix presents no case for our interference.

It is therefore ordered, adjudged and decreed that the application of relatrix is refused, and that the restraining order heretofore granted be set aside, that the application be dismissed, and that relatrix pay the costs of the proceeding.

PROVOSTY, J., takes no part.