200 So.2d 874

**CITY OF HARAHAN**

v.

**William D. OLSON.**

No. 48641.

June 30, 1967.

Crawford A. Rose, Jr., Harahan, Edward J. Broussard, Gretna, for defendant-applicant.

J. Hugh Martin, New Orleans, for respondent.

HAMITER, Justice.

The City of Harahan, in this injunction proceeding instituted in the Mayor's Court of that municipality, seeks to permanently restrain and prohibit William D. Olson, the defendant, from continuing with the construction of a supplemental driveway, the purpose of which is to provide access from the rear of his property to Soniat Street in such city. The petition alleges that the construction without a permit violates Harahan's Ordinance No. 436, as amended by Ordinance No. 480. (No criminal penalty is provided in the initial ordinance, or in its amendment, for violations thereof.)

The defendant first pleaded lack of jurisdiction rationae materiae of the Mayor's Court to entertain the proceeding. This plea was overruled.

Later, answer was filed in which the defendant alleged that the ordinances are unconstitutional or, alternatively, that they

had been unconstitutionally applied against him.

After a trial of the merits the court rendered and signed a judgment perpetuating a previously issued preliminary injunction, and forever enjoining the defendant from constructing any rear entrance to his property.

Under the supervisory jurisdiction of this court a majority of its members granted remedial writs, on the application of the defendant, the primary purpose in so doing having been to permit us to consider whether the Mayor's Court had jurisdiction of the injunction proceeding. (The author of this opinion, with respect to the application, entertained the view that the relator had an adequate remedy by an appeal to the proper appellate court. Consequently, he did not approve of the issuance of the remedial writs. However, the question as to the propriety of exercising this court's supervisory powers herein has been determined, and the cause has been argued and submitted for our consideration.)

Initially, we take note of defendant's exception to the trial court's jurisdiction ratione materiae which is reurged here.

The City of Harahan relies on the provisions of Article VII, Section 51E, of the Louisiana Constitution of 1921, as amended, and LRS 33:441. It is the contention of the City that the constitutional authorization and the statutory enactments are broad enough to grant to the Mayor's Court the right to issue injunctions in order to prevent violations of city ordinances.

The constitutional provision referred to merely declares that "The Legislature may invest in mayors * * * such jurisdiction over the violation of municipal ordinances, as may be found necessary." It makes no specific reference to the power to issue injunctions.

LRS 33:441 declares that " * * * there shall be a mayor's court in the municipality, with jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof."

■ Conceding arguendo that the above quoted constitutional provision is sufficiently broad (as contended by the City) to authorize the Legislature to vest the Mayor's Court with the power to grant injunctive relief in order to enforce compliance with city ordinances (this we do not need to decide herein), we do not believe that the statute, enacted pursuant thereto (LRS 33:-441), specifically or impliedly vests such power. Its provisions, we think, clearly contemplate enforcement of the city ordinances only through criminal proceedings. Thus, the statute, after stating that the court has jurisdiction over all violations of municipal ordinances, recites merely that the "mayor may *try* all breaches of the or-

dinances and *impose fines* or *imprisonment,* or both, provided for the infraction thereof." (Italics ours.)

But if there be any doubt as to the correct meaning of such statute, certainly it is resolved by the positive provisions of Article 4837 of the Louisiana Code of Civil Procedure which specifically declare, among other things, that "A justice of the peace or *city court may not issue any injunctive order* except to arrest the execution of its own writ." Incidentally, an official revision comment beneath that article states: "(c) The constitution does not confer on justice of the peace or city courts specific injunctive powers, and under the second paragraph of this article such power is restricted to arresting the execution of their own writs." (Italics ours.)

It is obvious, therefore, that the Mayor's Court in the present cause exceeded its authority when it entertained jurisdiction of the present injunction proceeding and rendered the judgment heretofore referred to.

Because of our conclusion that such court was without jurisdiction of the subject matter herein, it is unnecessary for us to pass on the remaining issues in this controversy.

For the reasons assigned the judgment of the Mayor's Court is reversed and set aside, defendant's plea to the jurisdiction rationae materiae is sustained, and plaintiff's suit is dismissed. Plaintiff shall pay all costs of the proceeding.