GASKINS, J.
| ;The defendant, Ivan Webb, was originally found in violation of a town ordinance by a mayor’s court. He appealed to the district court for a trial de novo. The district court likewise found that the defendant violated the ordinance and fined him $100 per day for the 582 days the violation had continued, or $58,200. The defendant failed to appeal that judgment but subsequently filed a motion to annul judgment, which was denied. The defendant now appeals from the judgment denying his motion to annul judgment. We reverse and reduce the defendant’s fine from $58,200 to $100.
FACTS
In pertinent part, the Code of Ordinances of the Municipality of St. Joseph provides:
Chapter 19
Planning and Development Regulations
[[Image here]]
*960 Article C. Permit

Section 19.13 Permit required.

No building or other structure shall be built or constructed in the Town of St. Joseph without there first being obtained a permit from the Mayor and Board authorizing or approving the con- • struction of such building or other structure.
Article D. Zoning Ordinance
[[Image here]]

SECTION VII. ADMINISTRATION AND ENFORCEMENT

A. GENERAL PROVISIONS

[[Image here]]
3. Violations and Penalties. Any person violating or neglecting or refusing to comply with any provision of this ordinance shall, upon conviction, be fined one hundred dollars ($100) for each offense, and each day a violation is continued shall constitute a separate offense.
|2The defendant’s father owned a tract of land located at Maple Street and 8th Street in St. Joseph. The defendant successfully petitioned the St. Joseph Board of Aldermen to place a mobile home on the property in November 2006.[1] Additionally, the defendant requested that he be allowed to place several more mobile homes on the lot in the future. One of the aldermen disagreed with this request. After discussion, the board voted to allow him to place only one mobile home on the lot.
Thereafter, the defendant placed a second mobile home on the lot without first obtaining a permit for it. An ordinance violation ticket was issued on February 7, 2007. However, it gave the wrong ordinance citation; this was corrected by certified letter dated February 14, 2007. A sworn complaint was executed on March 8, 2007. The defendant’s request before the board of aldermen for a permit for the second mobile home was denied at the regular ■ monthly meeting on March 12, 2007.
Trial before the mayor’s court was held on October 25, 2007. Judge Glynn D. Roberts was appointed by the Louisiana Supreme Court to preside over the case due to a conflict of interest involving the mayor. In oral reasons for judgment, Judge Roberts found the following: (1) there was a valid ordinance on February 14, 2007, the date of the corrected citation; (2) the defendant did not obtain a permit; (3) the defendant thus violated the ordinance; and (4) the sanction for this violation is $100 per day for every day that the trailer is on the property. Written judgment was signed November 9, 2007, ordering the defendant to pay a fine of $100 per day |sfrom February 14, 2007, until such time as the trailer was removed from the lot.
The defendant filed a motion for appeal before the district court, pursuant to La. R.S. 13:1896. On September 18, 2008, trial de novo was conducted before Judge Michael Lancaster in the Sixth Judicial District Court. Testimony was given by May- or Edward Brown and the defendant. The court rendered judgment in favor of the Town, finding that the defendant was in violation of the ordinance. It rendered judgment against the defendant in the amount of $58,200, representing a fine of $100 per day for 582 days, beginning February 14, 2007, through the date of trial. Judgment was signed October 8, 2008.
The defendant filed a motion for appeal from the district court judgment. The *961 minute entry of December 1, 2009, demonstrates that the appeal was dismissed due to the defendant’s failure to pay appeal costs. The Town began efforts to execute the October 8, 2008, judgment. In October 2010, it filed a motion for examination of judgment debtor and a motion for execution by writ of fieri facias. Pursuant to the motion for execution by writ of fieri facias, the court ordered that two lots in St. Joseph, allegedly belonging to the defendant, be seized and sold.
In December 2010, the defendant filed a motion to annul judgment and stay proceedings. He alleged that the judgment was an absolute nullity because it arose from a matter that originated in a mayor’s court and the amount of $58,200 exceeded the jurisdictional limits of the mayor’s court. ^Furthermore, the defendant argued that the ordinance applied in this case does not apply to mobile homes.
In opposition to the motion to annul judgment, the Town asserted that no grounds for a nullity action were stated in the motion, which should have made allegations that the judgment should be annulled for vices of form or substance. The motion to annul was heard and denied on March 28, 2011. On April 13, 2011, the judgment denying the motion to annul was signed.
On May 17, 2011, the defendant filed a motion for suspensive appeal and an alternative motion for devolutive appeal from the April 13, 2011, judgment. The district court granted a devolutive appeal.
On October 18, 2011, the Town filed a motion to dismiss the appeal. It argued that the defendant was actually attempting to seek review of the October 8, 2008, judgment under the guise of an appeal of the April 13, 2011, judgment. This court denied the motion on November 3, 2011.
LAW
On appeal, the defendant contends that the district court judgment is null because (1) the matter originated in a mayor’s court which can impose fines only up to $500 under La. R.S. 33:362 and (2) the district court, acting as an appellate court conducting a trial de novo on appeal, cannot render a more severe punishment than the one being appealed from the mayor’s court.
In order to resolve the issues presented on appeal, we first must review the law pertaining to mayor’s courts.
IsMayor’s courts are courts which have jurisdiction to conduct trials, determine guilt, and impose sentences including fines and imprisonment for breach of municipal ordinances. Sledge v. McGlathery, 324 So.2d 354 (La.1975); State v. Foy, 401 So.2d 948 (La.1981). These courts still exist today pursuant to La. Const. Art. 5, § 20, which allows that “[mjayors’ courts ... existing on the effective date of this [1974] constitution are continued, subject to change by law.”[2]
The jurisdiction of a mayor’s court is set forth in La. R.S. 33:441(A)(1), which states:
*962 [TJhere shall be a mayor’s court in the municipality, with jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof.
This statute contemplates the enforcement of the city ordinances only through criminal proceedings. City of Harahan v. Olson, 250 La. 999, 200 So.2d 874 (1967). However, see and compare City of Broussard v. Watkins, 2003-1383 (La.App. 3d Cir.3/31/04), 869 So.2d 962, wherein the appellate court found that, even though the lower courts had treated it as a criminal matter, a case involving the suspension of an occupational licence due to an ordinance violation was actually a civil matter. In so concluding, |fithe court observed that the violators suffered no loss of liberty, incarceration or fine.
Mayor’s courts are specifically excluded from the definition of “court” and “city court” in the Louisiana Code of Criminal Procedure. However, the term “magistrate” utilized in the Louisiana Code of Criminal Procedure does include a mayor of a mayor’s court. See La. C. Cr. P. art. 931.
La. R.S. 33:362 states that the legislative powers of a municipality shall be vested in and exercised by the board of aldermen and that the board may enact and enforce ordinances by fine not to exceed $500 or by imprisonment not exceeding 60 days, or both.
The procedure for appealing from a mayor’s court decision is provided in La. R.S. 13:1896. In relevant part, it states:
A. Mayor’s courts and justice of the peace courts. (1) In criminal cases, the district courts have appellate jurisdiction ... except as otherwise provided by law, over all appeals from a mayor’s court where a person has been subjected to imprisonment or a forfeiture of rights or property. Appeals from mayor’s courts and justice of the peace courts, as provided for herein, shall be tried de novo. Any forfeiture or penalties collected by the district court on appeal from a conviction of a municipal ordinance shall be distributed and disbursed to the municipality.
Where a trial de novo is provided for on appeal from a judgment of a municipal or other inferior court, the genei’al rule is that the case is to be tried without regard to the decision of the magistrate and as if originally commenced in the appellate court and the latter court necessarily is required to enter its own independent judgment. Town of Sulphur v. Stanley, 207 La. 1075, 22 So.2d 655 (1945). However, on this appeal, the district court is limited to the penalty assessed by the lower court and may not impose a 17more severe sentence. State v. Debose, 235 La. 875, 106 So.2d 294 (1958); City of Baton Rouge v. Norman, 290 So.2d 865 (La.1974); State v. Badeaux, 309 So.2d 337 (La.1975).

Discussion

The mayor’s court clearly had subject matter jurisdiction to institute and adjudicate the violation of the ordinance in this case. Likewise, the district court had jurisdiction to hear the appeal of this matter by trial de novo.
The ordinance language at issue here provides that: “any person violating ... this ordinance shall, upon conviction, be fined ... for each offense, and each day a violation is continued shall constitute a separate offense.” Nothing in the original ticket, the letter correcting the ordinance citation or the sworn complaint indicated that the defendant was charged with more than one offense. Constitutional due process requires that a defendant being prosecuted in a mayor’s court be afforded rea *963 sonable notice of the charge against him. See City of Kenner v. Marquis, 98-418 (La.App. 5th Cir.6/4/98), 715 So.2d 85, writ denied, 98-1806 (La.10/16/98), 726 So.2d 907. As the defendant was given notice of only one offense, he may be sentenced for only one offense.[3]
|sThe complaint filed against the defendant alleged that “the accused” violated the ordinance on a specified date. The complaint concludes as follows:
WHEREUPON, AFFIANT charges the ACCUSED with having committed a violation of said Section, and prays that the ACCUSED may be arrested and dealt with according to law[.]
We find that the case before us is a criminal matter. City of Harahan v. Olson, supra. Because it involves prosecution of a criminal offense, we hold that La. C. Cr. P. art. 882(A) is applicable. It states: “An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.”[4]
In conducting its trial de novo, the district court was required to make its own independent judgment of the matter — as long as it did not impose a more severe penalty than the one imposed by the may- or’s court. However, we find that the district court was restricted to the charging document utilized in the mayor’s court. Based upon our review of the record, we conclude that the complaint from the may- or’s court brought charges only for one violation.
As a result, we find that the imposition of a fine of $58,200 for violations of the ordinance for 582 days constituted an illegal sentence which we may correct at any time. Therefore, we reduce the fine imposed upon the defendant to $100 for a one-day violation of the ordinance at issue.
laCONCLUSION
The judgment of the district court on the motion to annul judgment is reversed. We reduce the defendant’s fine from $58,200 to $100.
REVERSED.
APPLICATION FOR REHEARING
Before STEWART, GASKINS, CARAWAY, DREW and MOORE, JJ.
Rehearing denied.
STEWART, J., would grant rehearing.

. The record indicates that the defendant placed the first trailer on the property before he requested the permit.

. For an interesting and thorough review of the legal oddity which is the mayor’s courts, see State v. Fontenot, 535 So.2d 433 (La.App. 3d Cir.1988). There the third circuit made several keen observations about mayor’s courts, including:
Is there a body of statutory law which governs mayor’s courts? We find none.... We conclude that except for the statute creating mayor's courts, LSA-R.S. 33:441 (and related Section 442) and the provision of appeals, LSA-R.S. 13:1896, mayor's courts appear to be on their own.
This remains the state of the law in Louisiana. We note that the vast majority of existing statutes pertaining to mayor’s courts involve either the abolition or establishment of individual courts in various cities, towns and villages throughout the state.

. While the ordinance contemplates that the offender may be charged each day for the offense, the fact remains that the offender must be given notice of these charges. See and compare State ex rel. Hohn v. Baker, 105 La. 373, 29 So. 940 (1901).
We pretermit any discussion of whether the mayor’s court would have had subject matter jurisdiction over this matter if the charging document had included multiple offenses which would have exceeded its $500 jurisdictional limit.

. Even though this fine is now in the posture of being enforced in either civil court, criminal court, or both, pursuant to La. C. Cr. P. art. 886 and 886.1, we still find that we may amend this illegal sentence.