# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30667

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2014

Lyle W. Cayce
Clerk

IVAN WEBB,

Plaintiff–Appellant

v.

TOWN OF ST. JOSEPH; EDWARD L. BROWN,

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:12-CV-2644

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

In this 42 U.S.C. § 1983 action, Plaintiff–Appellant Ivan Webb appeals the district court's dismissal of his state and federal constitutional claims as barred under the doctrine of res judicata. For the reasons below, we vacate and remand.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from Webb's allegations and available state court decisions. Webb's father owned a tract of land in St. Joseph,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30667

Louisiana.  In November 2006, Webb successfully petitioned the St. Joseph Board of Aldermen ("the Board") for a permit to place a mobile home on his father's property.  He subsequently sought permission to place more mobile homes on the property, which request the Board denied.  Without permission, Webb placed a second mobile home on the property.

On February 7, 2007, the Town of St. Joseph ("St. Joseph" or "the Town") issued Webb a ticket alleging a violation of Section 19-13 of the Town's ordinances, which states in pertinent part that "no building or other structure shall be built or constructed in the Town of St. Joseph without there being obtained a permit from the Mayor and Board authorizing or approving the construction of such building or other structure."  The Town executed a sworn complaint, and a trial took place before the Mayor's Court of the Town of St. Joseph on October 25, 2007.  In a written judgment, the Mayor's Court found that the defendant violated the ordinance and that the sanction for the violation was $100 for every day the trailer remained on the property.

Webb appealed the decision of the Mayor's Court to the state district court.  A judge of the Sixth Judicial District Court of Louisiana conducted a trial de novo, finding that Webb had violated the ordinance and rendering judgment against Webb in the amount of $58,200.  That amount represented a $100 fine for each of the 582 days between February 14, 2007, and September 18, 2008, the date on which trial before the state district court began.  Webb appealed the judgment to the state appellate court, but his appeal was dismissed due to Webb's failure to pay fees for his appeal.

The Town proceeded to execute the judgment against Webb.  The Town seized Webb's entire salary as a member of the the Board, from his election in

2

No. 13-30667

October 2010 until October 2012.  The Town also secured a writ of *fieri facias* from the Sixth Judicial District Court, which authorized the Town to seize and sell two lots in St. Joseph belonging to Webb.

In December 2010, Webb filed a Motion to Annul Judgment and Stay Proceedings in the Sixth Judicial District Court of Louisiana.  He alleged that the judgment was an absolute nullity because it exceeded the court's jurisdictional limits: the action originated in the Mayor's Court, and the Mayor's Court can issue no more than a $500 fine.  The Sixth Judicial District Court denied the motion, but in March 2012, the Second Circuit Court of Appeal reversed the district court, annulling the judgment and reducing Webb's fine to $100.  *Town of St. Joseph v. Webb*, 46,923, p. 1 (La. App. 2 Cir. 3/14/12); 87 So. 3d 958, 959, *reh'g denied* (Apr. 5, 2012), *writ denied,* 2012-1029 (La. 6/22/12); 91 So. 3d 976.

The Second Circuit held that the district court's fine was illegal based on the charging instrument, which gave notice for only one offense.  *Id.* at 962–63.  Citing a state appellate court case ruling on a matter of Louisiana constitutional law, the court stated, "Constitutional due process requires that a defendant being prosecuted in a mayor's court be afforded reasonable notice of the charge against him."  *Id.* (citation omitted).  The court further found that the case was a criminal proceeding, and, as such, it could amend the illegal sentence at any time.  *Id.* at 963.

Webb alleges that the Town continued to enforce the now-illegal sentence, retained the proceeds that resulted from the sale of one of Webb's properties seized by the Town pursuant to the writ of *fieri facias*, and withheld

3

No. 13-30667

Webb's salary until October 2012, in contravention of the Second Circuit's decision.

In October 2012, Webb filed the present suit under 42 U.S.C. § 1983, seeking damages for the alleged violation of his federal and state constitutional rights by the Town and by the Town's Mayor Edward Brown (together, "Defendants"). Webb's original complaint alleged (1) a violation of due process under the Fourteenth Amendment and Article I, Section 2 of the Louisiana Constitution and (2) a violation of his right to be free from involuntary servitude under the Thirteenth Amendment and Louisiana Constitution, Article I, Section 3. Webb's complaint alleged that he had argued in his motion to annul that he had been "deprived of due process of law" and that the Second Circuit had found that his fine was a "violation of the due process clauses of the Fourteenth Amendment . . . and the [Louisiana Constitution]." Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Webb filed an amended complaint removing his allegations regarding the Thirteenth Amendment and adding a claim for violations of his Eighth Amendment right to be free from excessive fines.

The Defendants filed a supplemental motion to dismiss, arguing that Webb's new Eighth Amendment claims failed to allege facts on which relief could be granted and were barred under the doctrine of res judicata. In particular, Defendants contended that the Second Circuit's adjudication of Webb's motion to annul should preclude Webb's federal claims. Webb's memorandum in opposition to the motion to dismiss argued that the Second Circuit's decision had settled the issue that there was a constitutional violation and therefore should be given issue-preclusive effect under the doctrine of

collateral estoppel.  Furthermore, Webb argued that the Defendants had not met their burden of proof in establishing the presence of all of the necessary elements for the application of claim preclusion.  In particular, Webb argued that the parties were not identical for purpose of establishing res judicata because they were appearing in different capacities.  Finally, Webb argued that claim preclusion could not be applied to his civil claim before the federal district court when—as the Second Circuit had found—the prior proceeding was criminal.

The district court granted the Defendants' motion to dismiss on the ground that Webb's claims were barred by the doctrine of res judicata or claim preclusion.  The district court determined that the Second Circuit's ruling amending Webb's judgment satisfied all four prerequisites for the application of claim preclusion: (1) the parties in the prior action were identical; (2) the judgment was made by a court of competent jurisdiction; (3) the prior action concluded with a final judgment on the merits; and (4) the same claims or cause of action were involved.

Webb timely appealed.

## II.  DISCUSSION

Webb seeks review of a final judgment of the district court.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.  The district court had jurisdiction pursuant to 28 U.S.C. § 1331.

"The res judicata effect of a prior judgment is a question of law that this court reviews de novo." *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir. 2005).  We also review de novo a district court's dismissal under

5

No. 13-30667

Rule 12(b)(6).[1] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Test Masters*, 428 F.3d at 571.[2] In determining the preclusive effect of an earlier state court judgment, federal courts apply the preclusion law of the state that rendered the judgment. *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)); *see also* 28 U.S.C. § 1738. As the judgment at issue is from a Louisiana state court, Louisiana preclusion law applies. Under Louisiana law, based on Louisiana Revised Statutes § 13:4231, there are five prerequisites for the application of res judicata:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Chevron U.S.A., Inc. v. State*, 07-2469, p. 10 (La. 9/08/08); 993 So. 2d 187, 194 (quoting *Burguieres v. Pollingue,* 02-1385, p. 7 (La. 2/25/03); 843 So. 2d 1049,

---

[1] Although the district court does not state explicitly that it is dismissing the suit under Rule 12(b)(6) in either its memorandum opinion or judgment, we construe the dismissal as one under 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6).

[2] "The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Test Masters*, 428 F.3d at 571 (citation omitted). This case only concerns "true" res judicata.

No. 13-30667

1053); *but see Sosebee v. Steadfast Ins.*, 701 F.3d 1012, 1026 (5th Cir. 2012) (listing four elements).

The doctrine of res judicata is *stricti juris*; that is, any doubt concerning application of the principle of res judicata must be resolved against its application. *Kelty v. Brumfield*, 93-1142, p. _ (La. 2/25/94); 633 So. 2d 1210, 1215; *see also St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 437 (5th Cir. 2000) ("Any doubt as to compliance with the requirements of res judicata is to be resolved in favor of maintaining the second action." (citation omitted)). Further, "the party urging res judicata has the burden of proving each essential element by a preponderance of the evidence." *St. Paul Mercury*, 224 F.3d at 437 (citing *Greer v. State*, 616 So. 2d 811, 815 (La. Ct. App. 1993)); *see also Kelty,* 633 So. 2d at 1215 ("The doctrine of res judicata cannot be invoked unless all its essential elements are present.").

Based on the record before us, we hold that there is insufficient evidence that the state court judgment satisfies the fourth element.[3] Because Defendants have not met their burden of proving each element by a preponderance, we vacate and remand.

The fourth element requires proof that the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation. A "cause" is "the juridical or material fact which is the basis for the right claimed or the defense pleaded" and "may be likened to grounds, theory

---

[3] We make no judgment on whether any of the other elements could be established by a preponderance. We only hold that the record before us cannot establish *at least* the fourth element.

No. 13-30667

of recovery, or the principle upon which a specific demand is grounded." *St. Paul Mercury*, 224 F.3d at 437 (citations omitted).

It is not clear that the causes that Webb asserts in his current lawsuit "existed" at the time of the state court's judgment in Webb's motion to annul. Instead of conducting this analysis, the district court echoed the Defendants' summary assertion that "the same claims that plaintiff asserted in the previous matter (that the fine was improper and/or illegal) are the same claims he asserts in this case." In fact, the district court had scant evidence before it, because, in ruling on a motion to dismiss, the court could only consider the parties' pleadings—here, Webb's amended complaint.[4]   *See* Fed. R. Civ. P. 12(d).

Even taking judicial notice of the state appellate court decision at issue, we do not find sufficient information to determine whether that prior decision should preclude the present lawsuit. The state appellate court decision contains some language referring to what "constitutional due process" requires. *See Webb*, 87 So. 3d at 962–63. However, this statement does not necessarily mean that federal constitutional claims could have been or were

---

[4] Indeed, it is not clear that the district court was even correct to consider Defendants' res judicata defense in the motion to dismiss. As this Court has previously noted, "[g]enerally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." *Test Masters*, 428 F.3d at 570 n.2 (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2002)). Yet, "if the trial court has treated the 12(b)(6) motion [based on res judicata] as one for summary judgment, its dismissal under 12(b)(6) is not reversible error." *Moch v. E. Baton Rouge Parish Sch.,* 548 F.2d 594, 596 n.3 (5th Cir. 1977) (citing *Larter & Sons, Inc. v. Dinkler Hotels Co.,* 199 F.2d 854, 855 (5th Cir.1952)). Nevertheless, in at least one case, a Fifth Circuit panel affirmed a dismissal based on res judicata grounds. *Dean v. Teeuwissen*, 479 F. App'x 629, 631 (5th Cir. 2012) (per curiam) (unpublished), *cert. denied,* 133 S. Ct. 548 (2012).

asserted in this prior case. The opinion cites a case discussing due process under *state* constitutional law. *See id.* (citing *City of Kenner v. Marquis*, 98-418 (La. App. 5th Cir. 6/4/98), 715 So. 2d 85, writ denied, 98–1806 (La. 10/16/98), 726 So. 2d 907. Nor is it clear that all of Webb's claims "existed" at the time of the state appellate decision. To the contrary, Webb alleges violations of his rights based on conduct that necessarily occurred *after* the appellate decision. *See Burguieres*, 843 So. 2d at 1056 ("[P]laintiffs' claims against the [defendants] for breach of their fiduciary duties while they acted as trustee, curator, and undercurator did not arise until the will was declared null and the judgment of the court of appeal affirming the trial court's judgment of nullity became final."). For example, Webb alleges that the Town continued to enforce the illegal sentence, retained the proceeds that resulted from the sale of one of Webb's properties seized by the Town pursuant to the writ of *fieri facias*, and withheld Webb's salary until October 2012. These grounds for recovery could not exist until the Second Circuit had already declared the judgment illegal.

Therefore, we hold that the Defendants have failed to meet the strict burden of establishing each element of the defense of res judicata, and the district court improperly dismissed the suit on that basis. *See Chevron*, 993 So. 2d at 197 (finding reversible error when "[n]othing in the record addresse[d] the existence of a cause of action."); *Hugel v. Se. La. Flood Prot. Auth.-E.*, 429 F. App'x 364, 368–69 (5th Cir. 2011) ("On this limited record, we do not find sufficient information to determine whether [appellant's] takings claim 'existed' at the time of final judgment in *Adams*; or whether, as [appellant] argues, the claim came to 'exist' with the commencement of [appellant's post-

No. 13-30667

judgment] lease."). We remand to allow the district court to further consider the preclusive effect of the state court judgment in light of the principles stated here.

## III. CONCLUSION

For these reasons, we VACATE and REMAND the district court's dismissal on res judicata grounds.