United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30535
Conference Calendar

CURTIS WALTERS,

                                        Plaintiff-Appellant,

versus

DIXON CORRECTIONAL INSTITUTE; JAMES M. LEBLANC; CONNIE KENNEDY;
IVY MILLER; CONNIE BOWSER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-48
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Curtis Walters, Louisiana prisoner # 293353, moves this
court for leave to proceed in forma pauperis (IFP) in his appeal
of the dismissal of his claims under 42 U.S.C. § 1983 against
Dixon Correctional Institute, James W. LeBlanc, and Connie
Kennedy for failure to state a claim upon which relief can be
granted and the dismissal of his claims against Ivy Miller and
Connie Bowser for failure to exhaust administrative remedies.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Walters's motion is construed as a challenge to the district court's determination that the appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). If the appeal is frivolous, this court may dismiss it sua sponte under 5TH CIR. R. 42.2. Baugh, 117 F.3d at 202 n.24.

Walters argues that the district court erred in denying his motion for a default judgment. The default judgment provisions of Rule 55 address the failure of a party "to plead or otherwise defend." FED. R. CIV. P. 55(a). In this matter, the defendants were never served with process. Absent proper service of process, the district court lacked personal jurisdiction over the defendants, and any default judgment against the defendants would have been void. See Rogers v. Hartford Life and Accident Ins. Co., 167 F.3d 933, 940 (5th Cir. 1999).

Walters briefs no argument concerning the dismissal of any of the individual claims. Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Because Walters has not demonstrated that his appeal raises legal points that are arguable on the merits, we uphold the district court's order certifying that the appeal is not taken in good faith. Walters's IFP motion is denied, and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Walters is cautioned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.