# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 5, 2013

Lyle W. Cayce
Clerk

No. 13-20004
Summary Calendar

BYRON THOMAS,

Plaintiff–Appellant

v.

CITY OF HOUSTON; CIVIL SERVICE COMMISSION FOR MUNICIPAL
EMPLOYEES OF THE CITY OF HOUSTON; J. RICHARD HALL,
Chairperson; JOSEPH G. SOLIZ, Commissioner,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-3564

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Byron Thomas appeals from the district court's grant
of summary judgment in favor of Defendants-Appellants the City of Houston (the
"City"), the Civil Service Commission for Municipal Employees of the City of
Houston (the "Commission"), and Commission members J. Richard Hall and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 13-20004

Joseph G. Soliz, in their official and individual capacities (the "Commissioners"). We AFFIRM.

Thomas worked for the City in various capacities for over a decade, regularly earning positive reviews. A Houston Police Department investigation, however, concluded that he had stolen City property and sold it for personal gain. An ensuing City investigation revealed that Thomas had omitted several criminal convictions from his employment application. The City characterized the omission as intentional, but Thomas insisted that he either forgot about the additional convictions or that the application form did not give him sufficient room to list them.

Citing both the alleged theft and nondisclosure, the City indefinitely suspended Thomas. He appealed through the City's established civil service procedures, which culminated in a hearing before the Commissioners. The Commissioners "sustained" the suspension "in all things" and ordered that Thomas be "permanently discharged from present or any future direct or indirect service to the City of Houston."

Thomas subsequently applied for unemployment benefits. The State denied his request based on a City-provided document stating that Thomas had been fired for stealing City property. Thomas views this action as defamatory.

Around the same time, Thomas purportedly discovered that the City had produced an altered version of his employment application at the hearing. According to Thomas, the City's proffered document falsely represented that he had checked the wrong box on a question asking whether he had "ever been convicted of a violation of any criminal statute whether felony or misdemeanor."[1]

---

[1] Both versions of the application list two convictions (in a space for such information immediately after the question about convictions) and mention that Thomas was on parole at some point and "off parole since 94"; it is undisputed that both versions of Thomas's employment application do not list all of his criminal convictions. The difference between the two is that in one version, the box "no" is checked after the inquiry about convictions; in the

2

No. 13-20004

Thomas, proceeding *pro se*, then sued the City, several of its departments, the Commissioners, and various "unknown City employees" in state court. The City removed. The magistrate judge construed Thomas's various amended complaints to allege (1) 42 U.S.C. § 1983 due-process and conspiracy claims, (2) a 42 U.S.C. § 1985 claim, and (3) a defamation claim. Thomas sought default judgment against the Commissioners in their individual capacities, which the magistrate judge denied for lack of personal jurisdiction. Ultimately, the district court granted summary judgment for the City. Thomas timely appealed.

We review a grant of summary judgment *de novo*, construing the evidence in the light most favorable to the nonmoving party. *United Fire & Cas. Co. v. Hixson Bros.*, 453 F.3d 283, 285 (5th Cir. 2006). "Unsubstantiated assertions, improbable inferences, and unsupported speculation," however, "are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Thomas's claims against the Commission and the Commissioners in their official capacities are properly viewed as claims against the City. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Accordingly, Thomas was required to introduce summary judgment evidence sufficient to overcome the municipal-liability standards of *Monell v. Department of Social Services*, 436 U.S. 658 (1978). To establish § 1983 municipal liability "[a] plaintiff must identify: '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom.'" *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (citation omitted).

---

other version, the box "no" is checked, crossed out, and then "yes" is checked with Thomas's initials.

No. 13-20004

We read Thomas's brief to contend that the district court erred in (1) rejecting his § 1983, § 1985, conspiracy, and defamation claims, (2) refusing to grant a default judgment against the Commissioners in their individual capacities, and (3) denying him leave to file a fifth amended complaint. We address each of these arguments in turn.

Thomas's § 1983 claims fail because he cannot link any City policy or custom to a constitutional violation. Thomas identifies the City policies that he was found to have violated and that govern the City's civil service procedures. He does not assert, however, that any of these policies violated his constitutional rights. Indeed, Thomas admits that the City gave him pre-hearing notice of its evidence and that he reviewed the evidence, attended the hearing, presented some arguments, and failed to object to the City's hearing exhibits. Thomas thus had sufficient notice and opportunity to make his case for due process purposes. Whether he used that opportunity to fully and contemporaneously challenge each of the City's arguments and exhibits does not present a question of constitutional significance. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) ("The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." (internal citations omitted)).

Liberally construed, Thomas instead complains of *de facto* policies that resulted in the City's alleged failure to provide a full and fair hearing and use of a falsified document in his specific case. To prove municipal liability under that theory, however, he must show that the City was deliberately indifferent. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-27 (1988). "Deliberate indifference is an

4

extremely high standard to meet." *Domino v. Tex. Dep't of Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001). It requires Thomas to "demonstrate 'at least a pattern of similar violations.'" *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003) (citation omitted). He provides no evidence to that end.

Thomas's arguments, moreover, focus on the subjective correctness of the Commission's decision to affirm the grounds for his termination, not—as our precedents require—on whether the Commission reasonably could have reached that decision. *See Patel v. Midland Mem'l Hosp. & Med. Ctr.*, 298 F.3d 333, 340-41 (5th Cir. 2002) ("The fact that [the plaintiff] was later able to produce evidence to rebut the reports before the [review committee] does not call into question the reasonableness of the [committee's] conclusion at the time it voted to suspend him."). Thomas contends that he did not steal City property and that the omissions on his employment application were unintentional. He points to no evidence, however, suggesting that the Commission unreasonably or arbitrarily concluded otherwise.[2] The district court thus appropriately granted summary judgment for the City on Thomas's due-process claim.

That conclusion necessarily results in the rejection of Thomas's remaining § 1983 and state-law claims. Thomas's derivative conspiracy and defamation claims cannot survive without evidence of a predicate constitutional violation.[3]

---

[2] The record shows that the City's investigation and the civil-service review process focused not on whether Thomas checked the wrong box on his application, but on whether he failed to list multiple prior convictions. No version of the application contains the convictions at issue. It thus is immaterial that Thomas belatedly produced a version of the application reflecting a discrepancy in his answer to the application's criminal history question. Regardless, even if a rogue City employee caused this discrepancy, "isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citations omitted).

[3] To the extent Thomas brings a state-law defamation claim, Texas law preserves the City's immunity to such claims. *See, e.g.*, *Gillum v. City of Kerrville*, 3 F.3d 117, 122 (5th Cir. 1993); *Amadi v. City of Houston*, 369 S.W.3d 254, 260 (Tex. App.—Houston [14th Dist.] 2011).

*See Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008) (conspiracy); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995) (defamation).

Thomas's § 1985 claim fares no better. Section 1985 in relevant part protects interests that are linked to a protected class and that concern equal-protection principles. *See, e.g.*, *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687-88 (5th Cir. 2010). Neither Thomas nor the record suggest that invidious, class-based discrimination motivated his termination. *See Daigle v. Gulf State Util. Co., Local Union No. 2286*, 794 F.2d 974, 979-80 (5th Cir. 1986).

The district court appropriately declined to render default judgment against the Commissioners. Although Thomas attempted service on the Commission, no evidence in the record suggests that Thomas properly effectuated service on the Commissioners in their individual capacities. *See* Fed. R. Civ. P. 4(e); Tex. R. Civ. P. 103-07. The district court therefore lacked personal jurisdiction over the Commissioners in their individual capacities.[4] *See Walters v. Dixon Corr. Inst.*, 188 F. App'x 232, 233 (5th Cir. 2006) (unpublished) (citing *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir.1999)).

Finally, the district court permissibly denied Thomas leave to file a fifth amended complaint. District courts have wide latitude to consider such requests, especially those made outside of any time limitations set by scheduling order. *See Hypes ex rel. Hypes v. First Commerce Corp.*, 134 F.3d 721, 728 (5th Cir. 1998). Here, Thomas both requested leave after the amendment deadline established by the district court had passed and sought to make inconsequential

---

[4] Contrary to Thomas's arguments, our removal precedents did not require the City to serve process on the Commissioners, only to obtain the joinder in removal of any defendants properly served *by Thomas* before filing of the removal petition. *See, e.g.*, *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988) (observing that the federal removal "statute has been interpreted to require that all *then served* [and] properly joined defendants join in the *removal petition*" (emphasis added) (collecting cases)).

No. 13-20004

changes to his fourth amended complaint.  The district court acted well within its discretion under the circumstances.

AFFIRMED.