# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2015

Lyle W. Cayce
Clerk

BYRON THOMAS,

> Plaintiff - Appellant

v.

CITY OF HOUSTON; HOUSTON ORGANIZATION OF PUBLIC
EMPLOYEES; J. RICHARD HALL; JOSEPH G. SOLIZ,

> Defendants - Appellees

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-485

---

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Byron Thomas appeals the district court's dismissal of his complaint against the City of Houston (the City), the Houston Organization of Public Employees (HOPE), and Commissioners J. Richard Hall and Joseph G. Soliz, two members of the Civil Service Commission for Municipal Employees of the City of Houston (Civil Service Commission) sued in their official and individual

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20026

capacities (collectively, Defendants). The district court held that Thomas's claims against the City, HOPE, and Hall and Soliz in their official capacities were barred by the doctrine of res judicata and that Thomas's claims against Hall and Soliz in their individual capacities were barred by the applicable statute of limitations. For the following reasons, we AFFIRM.

## FACTS AND PROCEDURAL HISTORY

Thomas began working for the City in 2000 and was appointed to the position of Inspector for Public Works and Engineering in 2006. That same year, Thomas became a member of HOPE, a labor union that represents City employees and bargains with the City on their behalf. The City terminated Thomas from his position in 2011. Thomas's claims in this action, and the multiple actions that Thomas filed previously, all arise from the circumstances related to his 2011 termination.

In 2011, the Houston Police Department conducted an investigation into allegations that Thomas had stolen City property and sold it for personal gain. An ensuing investigation conducted by the City revealed that Thomas had failed to disclose several criminal convictions on his employment application with the City. Although Thomas admitted to failing to disclose the full extent of his criminal history, he claimed that his omissions were unintentional.

On April 6, 2011, Thomas appeared before the Deputy Director of the Department of Public Works and Engineering (Department of Public Works) for a hearing on his alleged misconduct. A member of HOPE represented Thomas at this hearing. After the hearing concluded, the City suspended Thomas indefinitely effective April 29, 2011, citing his alleged theft of stolen property and his failure to disclose his criminal convictions. In addition, the Department of Public Works sent an interoffice correspondence to the City's Human Resources Department advising that Thomas had been terminated for selling City property for personal gain.

2

No. 15-20026

Thomas appealed his indefinite suspension to the Civil Service Commission in a hearing held on May 26, 2011, which was presided over by Commissioners Hall and Soliz.  HOPE did not represent Thomas at the hearing.  After considering the evidence presented at this hearing, Commissioners Hall and Soliz sustained the City's indefinite suspension of Thomas and ordered that he "be permanently discharged from present or future direct or indirect service to the City of Houston."

Thomas filed four separate lawsuits all arising from the events culminating in his 2011 termination.  He has already appeared before this court once before following his appeal from the dismissal of an earlier suit. Initially, in September 2011, Thomas brought claims against the City and Hall and Soliz in their official and individual capacities asserting claims for (1) a violation of his right to due process under 42 U.S.C. § 1983, (2) a conspiracy to violate his right to due process under 42 U.S.C. § 1985, and (3) defamation (*Thomas I*).  The district court dismissed Thomas's claims against the City on summary judgment and denied Thomas's motion for default judgment against Hall and Thomas in their individual capacities because Thomas had failed to serve them with process.  On appeal, we affirmed the judgment of the district court in all respects.  *See Thomas v. City of Houston*, 537 F. App'x 593 (2013) (per curiam).

In May 2013, while *Thomas I* was still pending, Thomas filed two suits against HOPE – one in federal district court (*Thomas II*) and one in Texas state court (*Thomas III*) – alleging that HOPE had breached its duty to fairly represent him before the Civil Service Commission in 2011 in violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq*.  After Thomas voluntarily dismissed his claims against HOPE in state court, the district court granted HOPE's motion to dismiss Thomas's federal action because Thomas's claims were brought after the applicable statute of

limitations period had expired. *See Thomas v. Houston Org. of Pub. Emps.* No. 4:13-CV-1602 (S.D. Tex. Dec. 16, 2013). Thomas did not appeal from the dismissal of that suit.

Finally, after losing twice and voluntarily dismissing once, Thomas commenced an action in federal district court yet again against the Defendants named in this case: the City, HOPE, and Commissioners Hall and Soliz in their official and individual capacities (*Thomas IV*). Thomas's claims in this case, as with his claims in his three earlier lawsuits, arose out of the circumstances that culminated in his 2011 termination from the City. It is this fourth lawsuit that underlies the instant appeal.

Upon the Defendants' motions, the district court dismissed all of Thomas's claims. The court construed Thomas's complaint as asserting four claims: (1) a defamation claim against the City, (2) a LMRA claim against HOPE; (3) a § 1983 due process claim against the City and Commissioners Hall and Soliz, in their official and individual capacities; and (4) a civil conspiracy claim against all defendants.[1] It granted dismissal to the City, HOPE, and Hall and Soliz in their official capacities under Fed. R. Civ. P. 12(b)(6) because Thomas's claims against them were barred by res judicata in light of the earlier judgments obtained in *Thomas I* and *Thomas II*. The court then dismissed Thomas's claims against Hall and Soliz in their individual capacities under Fed. R. Civ. P. 12(c) based on their assertion of a statute of limitations defense. This appeal followed.

---

[1] Thomas does not object to the district court's construction of his claims on appeal.

No. 15-20026

## STANDARD OF REVIEW

We review de novo the res judicata effect of a prior judgment. *Webb v. Town of St. Joseph*, 560 F. App'x 362, 365 (5th Cir. 2014) (per curiam); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). We also review de novo "a district court's conclusion that a claim is time-barred." *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005) (per curiam) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 126 (5th Cir. 1996).

## DISCUSSION

We first affirm the district court's dismissal of Thomas's claims against the City, HOPE, and Hall and Soliz in their official capacities on the basis of res judicata. "The doctrine of res judicata, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004); *accord Sidag Aktiengesellschaft v. Smoked Foods Prods. Co.*, 776 F.2d 1270, 1273 (5th Cir. 1985). The doctrine "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "[O]ne who has a choice of more than one remedy for a given wrong . . . may not assert them serially, in successive actions, but must advance all at once on pain of bar." *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983) (en banc).

"Federal law determines the res judicata effect of a prior federal court judgment." *Russell v. SunAmerica Secs., Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992). For res judicata to apply as a matter of federal law four elements must be met:

> (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits;

5

and (4) the same claim or cause of action was involved in both actions.

*Test Masters*, 428 F.3d at 571. To determine whether a prior and current suit involve the same cause of action, we apply a "transactional" test. *Davis*, 383 F.3d at 313. "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* (internal quotations and alterations omitted). In applying this test, "[t]he critical issue is whether the two actions are based on the same nucleus of operative facts." *Test Masters*, 428 F.3d at 571 (internal quotations omitted).

As the district court properly held, res judicata bars Thomas's claims against the City, HOPE, and Hall and Soliz in their official capacities because the claims were or could have been litigated in Thomas's previous suits. Thomas sued the City and Hall and Soliz in their official capacities in *Thomas I* and HOPE in *Thomas II.* Both suits resulted in final judgments that disposed of Thomas's claims on the merits.[2] Further, both suits arose from the same nucleus of operative facts as those which gave rise to Thomas's claims in this action: the events culminating in Thomas's 2011 termination. Accordingly, res judicata barred Thomas from relitigating these claims.

We also affirm the district court's dismissal of Thomas's claims against Hall and Soliz in their individual capacities. Thomas's claims against Hall and Soliz in their individual capacities related to the Civil Service Commission hearing over which Hall and Soliz presided. On May 26, 2011, at the conclusion of that hearing, Hall and Soliz affirmed Thomas's indefinite

---

[2] The district court's dismissal of Thomas's claims against HOPE in *Thomas II* on statute of limitations grounds was a dismissal on the merits for federal res judicata purposes. *See Ellis v. Amex Life Ins. Co.,* 211 F.3d 935, 937 (5th Cir. 2000); *Nilsen,* 701 F.2d at 562.

suspension and issued an order terminating Thomas from his position with the City.  Thomas brought a § 1983 due process claim against Hall and Soliz for allegedly failing to provide him with a full and fair hearing and a Texas state law civil conspiracy claim for allegedly conspiring to terminate Thomas from his employment.

"The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Price*, 431 F.3d at 892.  In Texas, the applicable limitations period for Thomas's § 1983 due process claim is two years.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 2005); *see also Smith v. Acevedo*, 478 F. App'x. 116, 124 (5th Cir. 2012) (per curiam); *Price*, 431 F.3d at 892; *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002).  Thomas's state law civil conspiracy claim is also subject to a two year statute of limitations.  *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 645 (5th Cir. 1999).

The district court determined that Thomas's § 1983 claim and his civil conspiracy claim accrued no later than May 26, 2011, which is the date that the Civil Service Commission upheld Thomas's termination from the City.  It then held that these claims were untimely because Thomas did not commence this action until January 21, 2014, more than two years after the limitations period for both claims expired.  Thomas does not specifically dispute these findings on appeal.

Instead, Thomas argues that the statute of limitations should be tolled because he attempted to serve Hall and Thomas with due diligence.  Other than making this conclusory statement, however, Thomas fails to elaborate or point to any portion of the record that reveals the steps he took to diligently effect service prior to the expiration of the limitations period.  In any event, Thomas's argument that the statute of limitations should be tolled due to his due diligence was not presented to the district court and he has therefore

No. 15-20026

waived the argument for purposes of this appeal. *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 913 (5th Cir. 2000).

The district court's judgment is AFFIRMED.